### J. E. LESTER V. NEW YORK LIFE INSURANCE COMPANY.
#### No. 3424.

**Construction of Contract.**—A contract "between W. E. Moore, general agent of the New York Life Insurance Company, party of the first part, and J. E. Lester, of El Paso, Texas, of the second part, witnesseth." Moore then appoints Lester district agent in general terms, but does not give him any exclusive rights as sole agent.  He is appointed "as district agent of said company for the purpose of canvassing for applications," etc.  He is prohibited from making any contract for the company.  He is required to "act exclusively as agent for said company so far as to tender to it all applications obtained by him or under his control," and "to devote sufficient time and energy in the service as to qualify him as a good and efficient district agent."  It is further agreed, "that in case said general agent, or any special agent acting for said general agent, shall secure business conjointly with said agent, the above rates of commission shall be divided equally."  That said district agent "shall not under any circumstances endeavor to prevent a person from insuring through any other agent of said company by offering such person the commission or any part thereof."  That said district agent "shall have under this agreement no claims whatever for commissions or other services against the New York Life Insurance Company, and that the said general agent may offset against any claims under this contract any debt or debts due by said district agent to said general agent."  Lester was appointed district agent, and on going to El Paso found another agent on duty preventing his occupancy of his district.  He sued for damages, expenses, loss of time, and of profits of the contract.  The contract was made part of the petition.  General demurrer to petition was sustained.  On appeal, *held:*

1.  The contract made part of the petition will be looked to and will control contradictory allegations in the petition.

2.  Under the contract he could not assert any claim against the company; besides, it did not provide for an exclusive agency.

APPEAL from Harris. Tried below before Hon. JAMES MASTERSON. The opinion states the case.

*S. Taliaferro* and *W. C. Allen*, for appellant.—1. It appearing from the copy of the contract annexed to the petition that the contract is one for the benefit of the plaintiff on one hand and the benefit of the New York Life Insurance Company on the other, the fact that the contract is signed by the general agent of the company, and the further fact that in the body of the instrument it commences by purporting to be a contract between the plaintiff and the general agent of said company, does not preclude inquiry into the true intention of the parties really bound by the contract; and if it appears from the body of the instrument or otherwise that the contract is one for the transaction of said company's business only, the company is bound by such act of its general agent without reference to the manner of his signing the contract or how he describes himself in the contract. Wright v. Calhoun, 19 Texas, 421; Merriman v. Fulton, 29 Texas, 106; 1 Pars. on Con., p. 56, sec. 54; Johnson v. Jones, 4 Barb., 373; Perkins v. Ins. Co., 4 Cow., 645; Story on Ag., secs. 130, 131.

2. It matters not with what technical inaccuracy the signature to a contract is made; the question as to who is bound is to be arrived at by the reading of the contract taken as a whole, and by the facts and circumstances surrounding the transaction. 1 Pars. on Con., p. 56; Grimes v. Hagood, 27 Texas, 694; Giddens v. Byers, 12 Texas, 75; Eckhart v. Reidel, 16 Texas, 64; Rogers v. Frost, 14 Texas, 268; Rogers v. Bracken, 15 Texas, 565; Story on Ag., secs. 147, 148.

*Hutcheson, Carrington & Sears*, for appellee.—1. A general demurrer admits the truth of the facts stated but not the legal conclusions of the pleader; and the contract for the alleged breach of which this suit is brought being set out in full in the petition, will be looked to for the the ascertainment of plaintiff's rights, rather than his allegations as to contents and effect. That contract shows that it was made by appellant with one W. E. Moore, and not with the New York Life Insurance Company. The statement that W. E. Moore is the general agent of that company is mere descriptio personæ. Holman v. Criswell, 13 Texas, 38; Catlin v. Glover, 4 Texas, 152; Wooters v. Railway, 54 Texas, 294.

The contract attached as an exhibit controls and will be looked to as against the allegations of the petition; see Freiberg v. Magale, 70 Texas, 116.

2. The contract does not show that Lester was to be the sole agent of appellee in the district of El Paso and Western Texas, and to have the exclusive right to canvass for it there and to receive the commissions for all policies taken in Western Texas; and if the contract does

not give him this exclusive agency he has no case.   The contract itself is alone to be consulted, and not declarations, representations, and expressions of opinion which precede it.   Wooters v. Railway, 54 Texas, 294.   The whole contract and its intentions as gathered from the terms of the instrument itself are to govern.   2 Pars. on Con., pp. 498, 499; Chitty on Con., p. 88.

3.   No breach of the contract is shown by the petition; there is no allegation on which any inculpatory evidence against appellee can be based, nor of any act done after execution of the contract in derogation of its terms.   On the contrary, the petition sets up all the facts on which the breach of the contract is claimed, and none is shown thereby.   Holman v. Criswell, 13 Texas, 38, 43; Wills v. Primm, 21 Texas, 381; Whitaker v. Record, 25 Texas Sup., 382; Brackett v. Devine, 25 Texas Sup., 194.

COLLARD, JUDGE, *Section A.*—Suit by J. E. Lester, the appellant, against the New York Life Insurance Company, for damages alleged to have resulted from a breach of its contract with him, which contract was in writing, was attached to the petition as an exhibit, and made a part of the same.

It is alleged, that the company appointed him its district agent to canvass for life insurance in the Western District of Texas, upon certain stipulated commissions as compensation; that his appointment was exclusive to plaintiff; that he went to El Paso, the headquarters of his district, and there found another duly credited agent of the company, with authority from the company to act as its agent in the district, whose authority to so act was anterior to that of plaintiff, by reason of which and of a notice given by the agent to him he was unable to do any business, and was compelled to return to his home in the city of Houston; to his damage by such breach of the contract in certain expenses, loss of time, and profits he would have made in the business if he had been allowed to conduct the same as the sole and exclusive agent in the territory assigned to him.

The contract filed with the petition is substantially as follows: "This agreement, made this 10th day of April, in the year 1891, between W. E. Moore, general agent of the New York Life Insurance Company, party of the first part, and Jemison E. Lester, of El Paso, Texas, party of the second part, witnesseth."   Moore then appoints Lester district agent, as alleged in general terms, but does not give him any exclusive rights as sole agent.   He is appointed "as district agent of said company for the purpose of canvassing for applications," etc.   He is prohibited from making any contract for the company.   He is required to "act exclusively as agent for said company so far as to tender to it all applications obtained by him or under his control,"  *  *  *  and "to devote sufficient time and energy in the service as to qualify him

as a good and efficient district agent." The contract next has stipulations as to what shall be done with moneys received by him, apportions his district, fixes his compensation by commission on original cash premiums on policies effected with the company "by or through said district agent," and it is then agreed as follows: "That in case said general agent, or any special agent acting for said general agent, shall secure business conjointly with said agent, the above rates of commission shall be divided equally." It is also agreed, that "said district agent shall not under any circumstances endeavor to prevent a person from insuring through any other agent of said company by offering such person the commission or any part thereof." The agreement also stipulates, that "said district agent shall have under this agreement no claims whatever for commissions or other services against the New York Life Insurance Company, and that the said general agent may offset against any claims under this contract any debt or debts due by said district agent to said general agent." The agent is required to "keep deposited with the general agent (or said company) a satisfactory bond for the faithful performance of all his duties pertaining to this district agency."

Plaintiff made Moore (the general agent) a party defendant, but dismissed him before the trial, leaving the suit standing only against the company.

The court sustained defendant's general demurrer to the petition; and plaintiff declining to amend, judgment was rendered that plaintiff take nothing, and that defendant go hence. Plaintiff has appealed.

The question raised by the assignments is, Does the petition state a cause of action against the company? It is contended by appellant, that though the contract shows it was made with Moore, it is alleged that he had authority from the company to do so, and that the demurrer should not have been sustained on the ground that the contract was with him only. Such an allegation was made, and it was sufficient to admit the testimony of the agent's authority to act for the company. It is also alleged that the contract bound the company. In determining this question the court below properly looked to the contract, and decided that it did not. The contract itself being made a part of the petition as an exhibit, controlled the averments; it shows affirmatively that the company was not to be bound by the contract. It stipulates that plaintiff shall have no claims whatever for commissions or services against the company. No other claim could grow out of the contract, and a breach of it would not give plaintiff a right of action against the company, the suit being against the company for a breach of its own contract. Freiberg, Klein & Co. v. Magale, 70 Texas, 116. In so deciding, we keep in view the fact that the suit is against the company on its contract or alleged contract with plaintiff, or rather for a breach of it; and is not a suit against it for preventing plaintiff from perform-

ing a contract with Moore on which Moore alone would be liable, but which he was authorized to make.

But if this view of the case is not tenable, there is another ground upon which we think the demurrer was properly sustained. The petition alleges, that by the contract plaintiff was to have the exclusive right to act as the company's agent in the district assigned to him, and that the breach alleged consists in his having to retire from the business because another agent of the company had a prior contract with it covering the same territory. Again, upon an inspection of the contract we find that it contradicts the averment that plaintiff was to have the exclusive or sole agency in the district. The contract not only does not constitute him the sole agent, but it contains express stipulations wholly inconsistent with such an inference recognizing the right of the company to have other agents in the same district. We have before quoted the stipulations of the contract where such right is recognized requiring a division of commissions upon joint work with another agent, and which prevent him from interfering with the work of such other agent by offering the applicant the whole or any part of his commissions. We need not further discuss the matter.

The court did not err in sustaining the demurrer, and we conclude the judgment should be affirmed.

*Affirmed.*

Adopted March 22, 1892.