BARTON et al. v. VICKERY et al.
(No. 7785.)

(Court of Civil Appeals of Texas. Dallas. Dec. 2, 1916.)

1. SCHOOLS AND SCHOOL DISTRICTS ⬦111—
LOCATION OF BUILDINGS—APPEAL.
Where the aggrieved patrons of a school district complained to the county superintendent, then to the state superintendent and then to the state board of education, without relief, for relief against alleged illegal action of the board of trustees, the district court had jurisdiction to supervise the acts of the trustees if they abused their discretion.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 265–268; Dec. Dig. ⬦111.]

2. SCHOOLS AND SCHOOL DISTRICTS ⬦111—
LOCATION OF BUILDINGS — INJUNCTION —
PLEADING—SUFFICIENCY.
A petition, showing that school district trustees intend to spend unnecessarily $200 of school funds in buying a new site, which would inconvenience a majority of the patrons, and which was not at the population center, and that the trustees did not act fairly or justly, but for their own pecuniary advantage, makes sufficient showing to warrant exercise of jurisdiction of the court, by a stay of proceedings at least.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 265–268; Dec. Dig. ⬦111.]

Appeal from District Court, Henderson County; John S. Prince, Judge.

Injunction by C. N. Barton and others against J. T. Vickery and others, as the Board of Trustees of Common School District No. 47½, Henderson County. From a denial of the writ, complainants appeal. Reversed and remanded.

Miller & Miller, of Athens, for appellants. E. A. Landman, of Athens, for appellees.

RAINEY, C. J. Appellants, taxpayers and voters and patrons in common school district No. 47½, Henderson county, Tex., complaining of the appellees, constituting the board of trustees of said common school district, sought a writ of injunction to prevent the building of a schoolhouse on a certain location. Appellants' petition for an injunction was presented to the honorable district court of said county then in session, and, coming on for hearing, the judge held that:

"The district court has no jurisdiction to determine the location of a schoolhouse, under the facts set up in this petition," and "that it does not appear that the trustees have abused their discretion."

The injunction was denied, and this appeal taken for review of the court's action.

No facts seem to have been introduced, nor have the appellees filed any brief, and the cause is presented here as to the sufficiency of the petition for injunction. The petition, in effect, alleges that appellants first presented their complaint of the site selected to the board of trustees for said district, which was denied, whereupon they appealed to the county superintendent, who held with appellants, when the trustees appealed to the state superintendent of public instruction, who reversed the decision of the county superintendent, and the case was then carried to the state board of education, which sustained the state superintendent denying the complaint. The petition further alleges that the cite selected by the trustees for the location of the schoolhouse is in the northwestern portion of said district, and from one-half to three-fourths of a mile from the north boundary line, which is far removed from the center of population of said district, compelling some of the scholars to walk from 3 to 3½ miles, and would cost $200, while a site near the center of population could be procured without cost to the trustees, and be more convenient to a majority of the pupils; that appellants were informed that the trustees intended to discontinue the school at the present site, situated about the middle of the district north and south, but about one-half mile from the eastern boundary line, and locate it at Opelika, a small village which is located in the northwestern portion of said district and about 3½ miles from the southern boundary line, when they immediately secured a petition signed by a majority of the patrons of said school, taxpayers, and voters, to locate it at Lutrick, and presented it to the trustees with the result as above stated. It is further alleged that:

"Plaintiffs show to the court that the north portion of said school district No. 47½ is in the Bottoms, and that no people are living along the north line, and that the citizens and residents live about one-half mile south of the north line of said school district, and hence the center of the population of said school district is at the Lutrick site. Plaintiffs further show to the court that they have exhausted all of the rem-

edies furnished them by the school laws of Texas, that they have complied strictly with all of the requirements of the state school law, and that their rights have been denied them. Plaintiffs further show to the court that it will be to the best interests of all the patrons and pupils of said school district No. 47½ to erect a school building and conduct a school on the tract of land herein described and known as the Lutrick tract; that the lot selected by the plaintiffs, and which they here now tender deed to said school district No. 47½, and known as the Lutrick tract is near the center of said school district, and is the center of the population and of the district, and said Lutrick tract is easy and accessible to all the pupils of said district; that the lot or site selected by the defendants is entirely out of reach of a majority of the pupils and patrons of said district, and that it will be unjust and unfair to the patrons of said district to be burdened with taxes for the erection of said school building and the maintenance of the school while they are deprived of all the benefit that would naturally accrue therefrom; and that said Lutrick site will be convenient to a majority of the patrons and pupils of said district. Furthermore, this condition would destroy the school spirit of this community, and would practically deprive the pupils of the southern portion of district No. 47½ of attending the school or getting any benefits from same; that it will be impossible for a large number of the pupils of said common school district No. 47½ to attend any school at all, and thereby be deprived of the benefits of a free school education, or, in any event, it would be impossible for a great number of the patrons and pupils of said district to comply with the compulsory education law of this state, if said building is located and school maintained on either of the lots proposed by the defendants; that the defendants, the trustees herein, are acting arbitrarily in this matter, and are not exercising any discretion, but on the contrary, they are arbitrarily and ruthlessly disregarding the rights of these plaintiffs and the pupils who desire to attend said school; that the defendant trustees own real estate at or near each of the sites proposed by them, and they are undertaking to use the power of their office as trustees to enhance the value of said real estate, in absolute disregard for the educational interests of said common school district No. 47½; that the defendant J. T. Vickery is a merchant and operates a general store at Opelika, which said store is near the site proposed by the said defendants, and it is his purpose to use the office of school trustee for his own private gain by building up a better trade for his store, and not to upbuild the school interests of the district he represents; that the acts of the trustees herein are simply an outrage, and a violation of their duty to the public or said school district, and that their acts herein are unjust, unfair, and arbitrary, and without any discretion whatever, and without any regard for the plaintiffs' rights; that the Opelika lot is out of reach of all the pupils of the said district except a very few. Plaintiffs further show that the defendants, as trustees of said common school district No. 47½, are about, and threatening, to locate said school building and school upon the tract of ground called herein the John Hatton tract, and they are demanding of said superintendent of instruction of Henderson county, Tex., to issue a permit for the building of said building to approve voucher for the purchase of said Hatton lot and all vouchers necessary for the carrying out of their purchase to locate said school building upon the Hatton lot; and plaintiffs charge that if defendants herein are permitted to establish said school upon said tract of ground, they, as patrons of said school and the pupils thereof and the community in which said school is maintained, to wit, district No. 47½, will suffer irreparable loss and injury, unless plaintiffs be granted an injunction herein, restraining the defendants from purchasing said Hatton lot and from making contract, or contracts, for the erection of said school building at any other place than the lot herein called the Lutrick lot. Plaintiffs say that they have no adequate remedy at law, and thus they pray an order be granted, restraining the acts of the defendants as aforesaid. Plaintiffs charge that if the defendants are not restrained, their loss and injury will be irreparable."

[1] The appellant having petitioned for relief through all the school authorities as provided, the district court had jurisdiction to supervise the action of the school trustees of a common school district when they abused their ·discretion and failed to act in regard to the best interests of the school district. In Caswell v. Fundenberger, 47 Tex. Civ. App. 456, 105 S. W. 1017, it is said:

"We think that it was the intention of the school laws to place such matters primarily under the control of the school authorities, subject, of course, to the final control of the courts in a proper case" (citing Nance v. Johnson, 84 Tex. 401, 19 S. W. 559).

[2] Then does the act of the trustees as alleged by the petition show such a want of discretion and such disregard for the interests of the patrons of the school as to warrant the supervision of the district court? We think so. It shows their intention to spend unnecessarily $200 of the school money in buying a new site on which to erect a school building, which would inconvenience a majority of the patrons, and which is not in the center of the population, and that the trustees were not acting fairly and justly, and that they were acting from mercenary motives, in that some had land that would be benefited by the selection of the site proposed and one of them, being in the mercantile business, would profit thereby, which, if true, shows a spirit that should not be indulged, and prevents unbiased action by one holding a trust capacity.

The court should, at least, have stayed proceedings until the defendants could have been notified and the facts heard, and, if sustained, the injunction should have been granted.

The judgment is reversed, and cause remanded.