### CERF v. MINGS et al. (No. 753.)

Court of Civil Appeals of Texas. Waco.
March 7, 1929.

Sleeper, Boynton & Kendall, of Waco, for appellant.

A. R. Eidson, of Hamilton, for appellees.

STANFORD, J. This suit was filed by appellee S. J. Mings against appellant H. F. Cerf and the Pacific Mutual Life Insurance Company of California, a foreign corporation, to recover certain commissions on insurance written by appellee. Appellant filed his plea of privilege to be sued in Tarrant county, the county of his residence. Appellee contested said plea on two grounds, to wit, that the suit was based upon a written contract, performable in Coryell county, and that appellant's codefendant, the Pacific Mutual Life Insurance Company of California, a foreign corporation, was properly sued in Coryell county. Upon the hearing of said plea the court overruled same, from which ruling the appellant Cerf alone has appealed, and presents the case here upon two propositions, to wit, That the court erred in overruling said plea to the venue, because appellee failed to introduce any proof to show that under any fair construction of the contract appellant in any manner agreed to perform the portion of the contract sued on, that is, to pay said compensation to appellee, in Coryell county. Under his second proposition, appellant contends, in effect, that the court erred in overruling his plea of privilege because appellee did not prove that the Pacific Mutual Life Insurance Company of California was a necessary party.

Appellee sought to sustain jurisdiction in Coryell county, the county of his residence, under the provisions of subdivision 5 of article 1995 of our Revised Statutes 1925, as follows: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile." The record shows appellant was the general agent of the Pacific Mutual Life Insurance Company, and that he resided at Fort Worth, in Tarrant county, Tex.; that appellant entered into a written contract with appellee, whereby appellee was employed by appellant to solicit applications for insurance in said Pacific Mutual Life Insurance Company, forward same to appellant, and to act generally as local agent in said Coryell county for appellant in promoting the interests of said life insurance company. By the terms of said contract, appellant obligated himself to pay appellee certain commissions on insurance written, and said contract also provides that appellee should be paid certain commissions on renewal premiums. The provisions of the contract for the payment of premiums are as follows: "Sec. 3. Subject to the provisions of this agreement, the General Agent hereby agrees to pay or allow the agent the following commissions on first year's premiums reported and paid in cash to the General Agent on business done by or through the agent, the same to be in full of all claims on account of services and expenses."

Then follows the rate of commissions on premiums to be paid on the different classes of policies. The contract also provides: "The agent shall have renewals as follows:" Then follows, with certain exceptions, the rate of commissions to be paid on renewal premiums. The contract further provides: "Section 10. The agent shall not have under this appointment any claim whatever for commissions or other services against The Pacific Mutual Life Insurance Company of California."

All of the commissions on the first-year premiums were paid to appellee. This suit was to recover only commissions on renewal premiums. While the contract does not expressly so provide, the clear inference is, appellant was to pay such commissions, if any were due. The record shows and the trial court found that the negotiations for the contract sued upon took place in Coryell county; that said contract was executed in said county; and that appellee performed his part of said contract in said county. The record also shows, and the court found, that the commissions that were paid appellee by appellant were paid him in Coryell county. There is no doubt but that the obligations of the contract to be performed by appellee were required to be performed, and were so performed by him, in Coryell county; but there is no provision in the contract obligating appellant to pay commissions in said county. The written contract does not provide any place of payment by appellant. His obligation to pay appellee the commissions was the basis of this action, and its breach constituted appellee's cause of action. As to the obligations of appellee to perform the specified services the contract was performable in Coryell county, but, as to the obligation of appellant to make payment therefor, it is not performable in said county, in that there is nothing in the contract, or in the circumstances, to show that appellant agreed to pay the commissions in Coryell county. It is the obligation of a contract, a breach of which is made the basis of plaintiff's suit, which determines whether a defendant, over his objection properly and duly made, may be sued out of the county of his residence. Appellee's cause of action, as shown by his pleading and evidence, does not come within the exception provided for by subdivision 5 of article 1995, Revised Civil Statutes 1925. Wrenn v. Brooks (Tex. Civ. App.) 257 S. W. 299; Lyon

v. Gray (Tex. Civ. App.) 265 S. W. 1094; La Salle, etc., Imp. Dist. v. Arlitt (Tex. Civ. App.) 297 S. W. 344. We sustain appellant's first proposition.

Neither do we think appellee by pleading or evidence showed that the Pacific Mutual Life Insurance Company of California was a necessary or even proper party to this suit. Appellee in his pleadings made the Pacific Mutual Life Insurance Company of California, a foreign corporation, a party and sought judgment against said company. However, the suit was based upon the contract between appellant and appellee, to which the insurance company was not a party, and judgment sought against the insurance company upon a breach of such contract. We think the statement of facts, considered in its most favorable light, fails to show any cause of action against the insurance company. Appellee introduced in evidence the contract made the basis of this suit, which contract, as set out above, provided that the appellee should not have under said appointment any claim whatever for commissions or other services against the Pacific Mutual Life Insurance Company of California. It appears, we think, from both the pleading and evidence; that appellee failed to show that the insurance company was either a necessary or proper party to this suit. This being true, this case does not come within the purview of subdivision 4 of article 1995, Revised Statutes, or subdivision 29a of said general venue statute (as added by Acts 1st Called Sess. 40th Leg. [1927] c. 72, § 2). Richardson v. Cage Co. et al., 113 Tex. 152, 252 S. W. 747; Kelly et al. v. National Bank of Denison (Tex. Civ. App.) 271 S. W. 261; Lester v. N. Y. Life Ins. Co., 84 Tex. 87, 19 S. W. 356.

We think the trial court erred in overruling appellant's plea of privilege. The judgment is reversed, and the trial court is directed to sustain appellant's plea of privilege, and enter an order transferring said cause to the proper court of the county of appellant's residence.