**DUNCAN et al. v. BOWMAN et al.  (No. 8367.)**

Court of Civil Appeals of Texas.  San Antonio.
Nov. 13, 1929.

Rehearing Denied Dec. 18, 1929.

Douglas, Carter & Black, of San Antonio, for appellants.

A. S. West and Bliss & Daffan, all of San Antonio, for appellees.

COBBS, J.  This suit was filed by Mabel Kate Bowman, a feme sole, and by Reba Sollock, a minor, by her father, E. J. Sollock, as next friend, appellees herein, against C. A. Duncan, W. A. Love, and W. H. H. Du Bose, ·as trustees for common school district No. 12 in Medina county, and against W. N. Saathoff, as county superintendent of Medina county, appellants, alleging that appellees held contracts for teaching eight months during the 1929–1930 school year, calling for $100 and $85 per month, respectively, and that the county superintendent refused to sign and approve said contracts.

The court granted a temporary injunction. The case thereafter coming on for a hearing upon a motion filed to dissolve the injunction, appellees requested a modification thereof, and after hearing the court entered its temporary decree and order as follows:

"On this 30th day of September, A. D. 1929, came on to be heard and considered, in chambers, the motion of defendants to dissolve the temporary injunction heretofore issued herein; and all parties being before the court, the court heard the pleadings, the evidence and argument of counsel, and after considering thereof is of the opinion that said motion should be overruled and that said temporary injunction should be modified and continued in effect as so modified.

"It is accordingly ordered, adjudged and decreed that defendants do be, and they hereby are, restrained from expending the funds of Black Creek School District (Number Twelve) of Medina County, Texas, below the sum of One Thousand Four Hundred Eighty Dollars ($1,480.00). The school board is not enjoined from handling said funds as it chooses so long as it retains the sum of $1,480.00 on hand, available to pay the salaries of plaintiffs herein if the contracts are ascertained to be enforceable. The issuance of a temporary injunction to that effect is unnecessary, since all parties are before the court."

Appellants filed pleas of exception and answered fully. Their first proposition is that the appellees should have appealed to the county board of school trustees and thence to the courts or to the state educational authorities, which was not done, and that there-

fore the court is without authority and jurisdiction to hear and determine this case. It would ordinarily follow that all legal matters should be first exhausted before the powers of this court should be exercised.

In this case appellees were elected by two of the trustees; the third peremptorily at last refused to sign the contract with the other two trustees, having no objection to appellees, but he desired Miss Harris to be elected at the same time as a teacher. Contracts in the usual and regular prescribed form were prepared and signed by the young ladies and by the two trustees and presented to W. N. Saathoff, the county superintendent, for his approval; but he declined to give them his approval, on the sole ground that public objections were made to one of the teachers. If the contracts on their face were valid, his action in declining to approve the same for the reason given was perfunctory and arbitrary. He had no right to arbitrarily withhold his approval of a contract signed between the teachers and the majority of trustees. He had no business to arbitrarily close the schoolhouse doors and eject the teachers so elected, since he knew an appeal was pending questioning his refusal to accept the contract.

The contract for teaching was made by two of the trustees, which was regular and valid, whether the third trustee signed or not, for it was the act of the majority of the board. The superintendent refused to approve the contract entered into between the teachers and the two trustees. This was all that was necessary to make a prima facie contract, and under that they began teaching, whereupon the superintendent forcibly and arbitrarily ejected them, though he knew that the two teachers had appealed.

Article 2693, Rev. St. 1925, provides for all the general duties of the county superintendent, as follows: "The county superintendent shall approve all vouchers legally drawn against the school fund of his county. He shall examine all the contracts between the trustees and teachers of his county, and if, in his judgment, such contracts are proper, he shall approve the same; provided, that in considering any contract between a teacher and trustees he shall be authorized to consider the amount of salary promised to the teacher. He shall distribute all school blanks and books to the officers and teachers of the public schools, and shall make such reports to the State Superintendent as may be required by that officer. He shall discharge such other duties as may be prescribed by the State Superintendent."

This article is silent as to procedure or as providing for the aggrieved parties, but see Barton v. Vickery (Tex. Civ. App.) 189 S. W. 1103, which lays down the course to be taken in appeals. Appellees gave notice of appeal from the action of the superintendent in withholding his approval of the contracts, and appellees must pursue that remedy. There is no equity in the bill, and the judgment of the trial court will be reversed and judgment here rendered that appellees take nothing by their suit.

Reversed and rendered.

FLY, C. J., and SMITH, J. We concur in the judgment of reversal and rendition, but not in the strictures in the original opinion upon the conduct of the county superintendent in this controversy, nor in the conclusions that the contract asserted by appellees was enforceable without the approval of the county superintendent, and that the latter arbitrarily and wrongfully refused to approve said contract.

The Legislature has expressly intrusted to the county superintendent the power and duty, to be exercised in his discretion under his official oath and bond, of passing upon and approving or rejecting contracts between district trustees and teachers, and it is not for the courts to sit in judgment upon the wisdom with which he exercises his discretion under that power and duty.

The power of review and revision of the county superintendent's official acts is granted by statute to the county board, state superintendent, and state board, successively, to the exclusion of judicial interference with the exercise of the discretion thus wisely intrusted to those authorities.