## AGUA DULCE SUPPLY CO. et al. v. CHAPMAN MILLING CO.

### No. 3986.

Court of Civil Appeals of Texas. Texarkana.
March 19, 1931.

W. 317; Galveston Dry Goods Co. v. Mitchell (Tex. Civ. App.) 171 S. W. 278; India Tire & Rubber Co. v. Murphy (Tex. Civ. App.) 6 S. W.(2d) 141; Wool Growers' Central Storage Co. v. Edwards (Tex. Civ. App.) 10 S.W.(2d) 577.

It is plain they were not so liable, for neither of them was a party to that contract. So, if Yakey and Mrazek were liable at all to the milling company, it must have been by force of article 7091, R. S. 1925, providing for the forfeiture of a corporation's right to transact business in this state if it fails to pay the franchise tax for which it is liable, and providing further as follows:

"Each director and officer of any corporation whose right to do business within this State shall be so forfeited shall, as to any and all debts of such corporation which may be created or incurred, with his knowledge, approval and consent, within this State, after such forfeiture by any such directors or officers, and before the revival of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such directors and officers of such corporation were partners."

It will be noted that it was indispensable to the existence of a cause of action in favor of the milling company against Yakey and Mrazek under that statute that they should have been officers or directors of the supply company at the time the cause of action against it arose and that they should have known, approved, and consented to the transaction forming the basis of such cause of action.

■ It is not pretended there was any evidence that Yakey and Mrazek were in that attitude, other than that showing they were named as directors of the supply company in the charter issued to it March 25, 1927. It is argued that it might be inferred from that fact, there being no evidence they ever ceased to be such directors, that they continued to be and were such directors November 28, 1928, and afterwards, when the supply company purchased the goods, and that it might be inferred, further, from the fact that they were such directors and from the fact that it was their duty as such to know about such purchases, that they did know, approve, and consent thereto. As by the terms of article 1304, subdivision 5, R. S. 1925, the persons named in a charter were directors only for one year, and as by the terms of article 1323 of said statutes, a corporation was required to elect directors annually, we do not think a presumption that Yakey and Mrazek continued to be directors of the supply company after the expiration of a year from the date of that company's charter was permissible.

■ As we view the matter, there was no evidence showing a cause of action to have

Perkins & Floyd, of Alice, for appellants.

J. F. Holt, of Sherman, for appellee.

WILLSON, C. J. (after stating the case as above).

■ It appeared the milling company was entitled to maintain its suit in Grayson county, so far as it was against the supply company, notwithstanding the domicile of the latter was in Nueces county, because it (the supply company) had contracted in writing to perform its obligation to the milling company in said Grayson county. Whether the milling company had a right also to maintain the suit in Grayson county so far as it was against Yakey and Mrazek, depended upon whether they were jointly liable with the supply company on the contract between it and the milling company. Stephens v. Bank (Tex. Civ. App.) 146 S. W. 620; Cerf v. Mings (Tex. Civ. App.) 15 S.W.(2d) 91; Danciger v. Smith (Tex. Civ. App.) 229 S. W. 909; McCauley v. McElroy (Tex. Civ. App.) 199 S.

770

existed in the milling company's favor against Yakey and Mrazek, and it plainly appeared, therefore, they were not necessary parties to its suit against the supply company.

The judgment will be reversed, and the cause remanded, with instructions to the court below to transfer the suit, so far as it is against Yakey and Mrazek, to Nueces county for trial.