**VANLANDINGHAM et ux. v. HILL,**
County Judge.

No. 2669.

Court of Civil Appeals of Texas. El Paso.
March 10, 1932.

Rehearing Denied March 24, 1932.

Dunaway & Tate and G. W. Dunaway, all of Midland, for appellants.

T. D. Kimbrough, of Midland, for appellee.

HIGGINS, J.

The trustees of common school district No. 8, of Midland county, entered into written contracts in due form with appellants, W. H. and Irene Vanlandingham, husband and wife, employing the latter as teachers of the district school for the 1931–32 scholastic term. Appellee Hill, county judge and ex officio county superintendent of schools, declined to approve the contracts. Appeals were prosecuted by appellants to the county school board, thence to the state superintendent, and thence to the state board of education. The county board, state superintendent, and state board all sustained the action of the appellee.

This suit was then brought against Judge Hill, as ex officio county superintendent, for mandamus to compel approval of the contracts.

█ Hill answered by motion to dismiss. This pleading in effect was no more than a general demurrer. The motion was sustained and the suit dismissed. The petition alleged that Hill "arbitrarily and without cause or reason failed and refused to approve" the contracts; and the action of the county board, state superintendent, and state board, in sustaining Hill in his refusal was arbitrary and without reason.

█ The appellants assert that the duty imposed by the statute upon the county superintendent of schools to approve contracts of teachers is ministerial, and the writ, for this reason, should issue. Article 2693, R. S., provides: "The county superintendent shall approve all vouchers legally drawn against

the school fund of his county. He shall examine all the contracts between the trustees and teachers of his county, and if, in his judgment, such contracts are proper, he shall approve the same; provided, that in considering any contract between a teacher and trustees he shall be authorized to consider the amount of salary promised to the teacher." This article plainly confers upon the county superintendent a judicial discretion which it is his duty to exercise when a teacher's contract is submitted to him for approval. This phase of the case calls for no discussion.

The question has been twice considered by the Court of Civil Appeals at San Antonio. We are in complete accord with the view of that court as expressed in the able opinion of Chief Justice Fly in Thomas v. Taylor, 163 S. W. 129. See, also, the concurring opinion of Justices Fly and Smith in Duncan v. Bowman (Tex. Civ, App.) 22 S.W.(2d) 683.

But in this case it is alleged that, in refusing to approve the contracts, the county superintendent did so arbitrarily and without cause or reason; and the successive appeals to the higher school authorities were disposed of and the action of appellee upheld in like manner.

■ The decisions in this state, and the great weight of authority in other jurisdictions, recognize such a state of facts as an exception to the general rule that mandamus will not lie to control or review the action of an officer or board in a matter involving the exercise of discretion. 38 C. J. 598, § 74, and cases cited; Sansom v. Mercer, 68 Tex. 488, 5 S. W. 62, 2 Am. St. Rep. 505; Arberry v. Beavers, 6 Tex. 457, 55 Am. Dec. 791; King v. Guerra (Tex. Civ. App.) 1 S.W.(2d) 373. But for the reason to be now stated this case would fall within such exception.

■ When an exhibit is attached to and made a part of a pleading, the sufficiency of which is assailed upon demurrer, and an inspection of the exhibit shows facts contradictory of the allegations contained in the pleading, such exhibit will control the allegations in the pleading. Freiberg Kline & Co. v. Magale, 70 Tex. 116, 7 S. W. 684; Lester v. Ins. Co., 84 Tex. 87, 19 S. W. 356; Burks v. Watson, 48 Tex. 107.

■ In disposing of the appeal to him, Hon. S. M. N. Marrs, state superintendent of education, rendered his decision in writing. A copy of such decision was attached to and made a part of the plaintiff's petition herein. In that decision of Mr. Marrs it is stated: "It appears from the record that a petition was filed with Hon. M. R. Hill, signed by fifty-five persons residing in the district protesting the approval of said contracts. A counter petition was also filed by appellants.

There is no question that a strong minority if not a majority of the citizens of said district are not in favor of the employment of Mr. and Mrs. Van Landingham."

Upon this state of facts Mr. Marrs based his action in sustaining the refusal of Judge Hill to approve the contracts. The facts shown by the exhibit contradict and control the allegations that appellee's refusal to approve the contracts was arbitrary and without cause or reason.

For this reason the exception to the general rule in cases of this nature has no present application.

Affirmed.