## CHAPMAN MILLING CO. v. YAKEY et. al.

### No. 8861.

Court of Civil Appeals of Texas. San Antonio.

June 1, 1932.

Rehearing Denied June 29, 1932.

Johns & McCampbell, of Corpus Christi, and Jesse F. Holt, of Sherman, for appellant.

Perkins & Floyd, of Alice, and H. S. Bonham, of Corpus Christi, for appellees.

## FLY, C. J.

This is an appeal from a permanent injunction against appellant restraining it from collecting a judgment against the Agua Dulce Supply Company and William Phillips, in Grayson county.

As explanatory of the case now before this court, it is pertinent to state that appellant had a promissory note or sales contract against the supply company, which was payable in Sherman, Grayson county. That instrument was executed by the supply company alone. H. G. Yakey, J. C. Mrazek, and William Phillips were directors of the supply company, a private corporation. The supply company was sued in Grayson county on its written promise to pay in that county, and the directors were sued on a liability imposed upon them by article 7091, Rev. Stats. of Texas. Yakey and Mrazek pleaded their privilege to be sued in Nueces county, which plea was overruled and they appealed to the Court of Civil Appeals at Dallas, but the case was afterwards transferred to the Texarkana Court of Civil Appeals [37 S.W.(2d) 768]. While the cause was pending on appeal, judgment was rendered in favor of appellant herein, against all the parties, for the amount of the debt. The judgment as to venue was reversed and the court held that the case as to Yakey and Mrazek should be transferred to Nueces county for trial. No attempt was made to interfere with the judgment as to the supply company. It seems that efforts were being made to collect the judgment not only against the supply company in Grayson county, but also as against the directors, and the writ of injunction was issued from Nueces county to prevent the collection of the debt as to the directors and also as to the supply company.

The district court of Nueces county was without jurisdiction to render judgment granting a permanent injunction restraining the execution of a district court judgment of another county and district. The district court had obtained jurisdiction over the subject-matter of the suit, and that jurisdiction had in no wise been impaired or destroyed by the judgment of the Court of Civil Appeals. The appellate court in no manner interfered with the jurisdiction of the district court as to the obligation of the supply company. The court held in plain terms, in the first clause of the opinion, as well as in the judgment, that the supply company was properly sued in that county. This is too plain for argument. Agua Dulce Supply Co. v. Chapman Milling Company (Tex. Civ. App.) 37 S.W.(2d) 768.

There is no ground for the contention that a joint liability was charged on the debt by the corporation and directors. The milling company made no such allegation in their petition, but showed that one was being held liable on a contract and the others through a statute. It was impossible to hold the parties jointly liable. The Court of Civil Appeals, recognizing this fact, held that the cause was separable and could be tried as to one party in one county and as to others in another county. We fully concur with that ruling.

It is disclosed by the record that the efforts to collect the amount of the judgment from Yakey and Mrazek were not being made by virtue of the judgment against them which had been declared void by the Court of Civil Appeals, but by virtue of the liability created by article 1345. All the conditions to fix liability under that statute having been complied with, the district court of Grayson county alone had the power to invoke and execute the powers granted by the statute. The injunction was a clear invasion of the jurisdiction of that court in the matter; and the attempt to restrain the action of the Grayson county court was null under the very terms of article 1345, without reference to the usual comity which should exist between district courts.

We hold that no authority existed in the district court of Nueces county to issue the writ of injunction; that the cause was severable, as held by the Court of Civil Appeals; that while the directors are not liable under the judgment in Grayson county, they may be made liable for the debt in that coun-

ty under the terms of article 1345, Revised Statutes.

The judgment is reversed, and judgment is here rendered dismissing the cause from the district court of Nueces county, and that appellees pay all costs in this behalf expended in this and the lower court.