## YAKEY et al. v. CHAPMAN MILLING CO.
### No. 3053.

Court of Civil Appeals of Texas. El Paso.
July 5, 1934.

Rehearing Denied July 30, 1934.

Perkins & Floyd, of Alice, and B. F. Gafford, of Sherman, for appellants.

Head, Dillard, Maxey-Freeman & McReynolds and Jesse F. Holt, all of Sherman, for appellee.

PELPHREY, Chief Justice.

During the year 1930, appellee instituted a suit in the district court of Grayson county against Agua Dulce Supply Company, a corporation, H. G. Yakey, J. C. Mrazek, and Will Phillips.

Yakey and Mrazek seasonably filed pleas of privilege to be sued in Nueces county. Appellee filed controverting affidavits and upon hearing the pleas were overruled. An appeal was prosecuted from the order overruling the pleas of privilege to the Dallas Court of Civil Appeals. Under the equalization of the dockets by the Supreme Court, the cause was transferred to the Texarkana Court. There judgment was reversed and the cause remanded with instructions to the trial court to transfer the suit, so far as it was against Yakey and Mrazek, to Nueces county. Agua Dulce Supply Co. et al. v. Chapman Milling Co., 37 S.W.(2d) 768.

In that case the court held that Yakey and Mrazek were not jointly liable with the Agua Dulce Supply Company on the contract and that if there was any liability on their part, it was by virtue of their being officers and directors of the Supply Company, after its charter had been forfeited, and by virtue of their consent and approval of the transaction forming the basis of the Milling Company's cause of action, as provided in article 7091, Revised Statutes 1925.

While the appeal from the order overruling the pleas of privilege was pending, the case was called and tried upon its merits.

On May 8, 1931, appellee filed a motion for execution against appellants, setting up the judgment rendered against the Agua Dulce Supply Company, Phillips, and appellants. In the motion it was alleged that the judgment in so far as it was against appellants was void for the reason that the Court of Civil Appeals had held that their pleas of privilege should have been sustained, but that it was in full force and effect as to the Agua Dulce Supply Company and Phillips.

The motion then reads:

"That the Agua Dulce Supply Company was duly incorporated under the laws of Texas with an authorized capital stock of $10,000.00. The said Will Phillips and the said J. C. Mrazek and H. G. Yakey were the sole subscribers for said capital stock and they together subscribed for all of it but paid in only 50% thereof, leaving unpaid on the capital stock the sum of $5,000.00. That the defendants aforesaid have never paid the balance of said capital stock and on the 21st day of February, 1930, the Secretary of State forfeited the charter of said corporation for failure to pay the balance of said capital stock. The subscription is in joint and several form."

"That the defendants, H. G. Yakey, J. C. Mrazek and Will Phillips jointly and severally owe to said corporation, or to its creditors, the sum of $5,000.00, being the balance unpaid on their subscription to and for said capital stock.

"That plaintiff has had execution issued on said judgment against the defendant Agua Dulce Supply Company and no property could be found on which to levy same and it has been returned by the Sheriff so endorsed by him. In fact, the plaintiff says that the said Agua Dulce Supply Company is wholly insolvent and has no property whatever on which a levy can be made, or which can be subjected to said judgment save and except the amount owing by the said defendants for the amount unpaid on their subscriptions for the capital stock. The plaintiff is entitled to have execution issued against the said defendants for the amount of its judgment and costs."

After notice was given of this motion, appellants secured a permanent injunction from the district court of Nueces county, restraining the collection of the judgment and further action on the motion as against them. The San Antonio Court of Civil Appeals, 51 S.W.(2d) 639, held that the Nueces county district court had no authority to grant the injunction; that the cause of action was severable as had been held by the Texarkana Court, supra; and that while the directors were not liable under the judgment in Grayson county, they might be made so in that county under the terms of article 1345, R. S.

Thereafter a hearing was had on the motion in the Grayson county district court before a jury, who returned a verdict in favor of appellee. Upon such verdict, judgment was rendered that appellee have its execution against appellants, and each of them, on and for the amount of the judgment rendered against the Agua Dulce Supply Company.

This appeal is from that judgment.

## Opinion.

Appellants are here sought to be held by virtue of the provisions of article 1345, which

reads: "If execution has issued against the property of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then the execution may be issued against any of the stockholders to an extent equal to the amount of the stock unpaid. No execution shall issue against any stockholder, except upon an order of the court in which the suit or other proceeding was instituted, made in open court upon motion after a reasonable written notice to the person or persons sought to be charged. Upon such motion, such court may order execution to issue accordingly; or the plaintiff in execution may proceed by action to charge the stockholders with the amount of his judgment, in accordance with the liability of the stockholders."

■ The only evidence introduced by appellee to show that appellants had not paid for their stock in full was a certified ledger sheet from the office of the Secretary of State upon which the following notation appeared: "Forfeited for failure to file Proof, Final Payment 2/21/30."

By their fifth proposition, appellants contend that such ledger sheet was no evidence that payment had not in fact been made by them. Article 1338, Revised Statutes, makes it the duty of stockholders to pay, within two years from the date of filing the charter, the unpaid portion of the capital stock, and make proof of such payment to the Secretary of State.

. If the payments had in fact been made, it can be presumed, we think, that proof thereof would have been furnished to the Secretary of State and a forfeiture of the charter prevented. If we be correct in this, then the fact that no proof was made would be a circumstance tending to show that the payments had not been made.

To refute this evidence, appellants offered to prove by Yakey that both he and Mrazek had subscribed for only $1,000 worth of the stock in the Supply Company and had paid their subscriptions in full.

■ Under the above statute the burden is upon a person seeking to hold a stockholder to prove that the person sought to be held subscribed for stock, and that his subscription has not been paid.

■ It is equally true, we think, that a person sought to be held is entitled to introduce any proof tending to show that his subscription has been paid.

■■ Appellee, however, contends, and the trial court appears to have been of the same opinion, that appellants here were not entitled to testify as to the amount of stock subscribed for by them because to allow them to do so would be to permit evidence to be introduced which would conflict with the following statements appearing in the charter of the Supply Company: "Sixth: The amount of capital stock is Ten Thousand Dollars ($10,000.00) divided into one hundred shares of One Hundred Dollars ($100.00) each, all of which capital stock has been subscribed and fifty per cent paid in as per affidavit hereto attached."

In the affidavit it appears: "That they are the incorporators of the association known as the Agua Dulce Supply Company, and are the owners of all of the assets of said Agua Dulce Supply Company, and that the capital stock of said company is Ten Thousand Dollars ($10,000.00) and that they have paid in Five Thousand ($5000.00) Dollars of said stock as follows: (here follows a list of 12 items, each being merchandise purchased except one of $213.99 cash in bank)."

The last item is of a purchase from Ullman, Stern & Krausse, of goods, wares, merchandise, fixtures, notes, and accounts of the Henderson Mercantile Company; the purchase price being listed at $2,250. This affidavit was executed by Phillips and both appellants.

Appellee asserts that because of appellants' failure to make affidavit as to how much each subscribed for, as required by article 1308, the three incorporators subscribed jointly and severally for the whole amount of the capital stock; paid in jointly the sum of $5,000 and, jointly and severally, owned the remainder.

We do not so construe the effect of such failure. The affidavit shows that the three, between them, had subscribed for all of the stock, but it does not, in our opinion, conclusively show that they each subscribed for a third. It is a matter of common knowledge that, more often than not, some subscribers will own more of the stock than others, and we fail to see how the public might have been misled by the failure to specify the amount for which each one subscribed, to such an extent as to estop the subscribers to show the real amount of their subscriptions and that such amounts had been in fact paid. They certainly should not be deprived of such right when they are sought to be held liable under a statute which renders them liable only in

case they have failed to pay the full amount subscribed.

Having decided that the judgment must be reversed, we shall discuss very briefly the remaining questions presented.

█ The Grayson county district court being the only court which, under the statute, had the power to order the executions issued, the trial court properly sustained appellee's objection to the plea of privilege filed by appellants in the original suit. Chapman Milling Co. v. Yakey et al., supra.

█ The privilege to be sued in one's own county is one that can be waived, and must be presented by proper plea and at the proper time.

█ The plea here in question was filed long before the motion and was not sufficient to raise the venue question. It may be that they desired to have the original suit tried in the county of their residence but had no objection to having the hearing on the motion conducted in Grayson county.

The plea to the jurisdiction filed by appellants was not sufficient as a plea of privilege and was, at most, an allegation that the whole cause of action was by the decision of the Texarkana Court of Civil Appeals, transferred to Nueces county, and that, therefore, the Grayson county district court was without jurisdiction.

█ Appellants' third proposition is to the effect that where a suit is against several defendants jointly the sustaining of a plea of privilege as to one or more effects a transfer of the cause as to all. With such propositions we have no quarrel but in the present case the cause of action was a severable one, and, therefore, a transfer of the cause as to appellants did not remove the cause of action against the Agua Dulce Supply Company. Both courts, in the decisions above referred to, held that appellants were not jointly liable with the Supply Company.

█ Assignment No. 3, and the proposition thereunder, attack the action of the court in overruling their plea in abatement, in which they contended that the suit should be abated because the Supply Company had made a general assignment for the benefit of its creditors. An examination of the statement of facts reveals that no evidence was admitted establishing that any assignment was made; therefore, there being no proof of the assignment having been made, the court properly overruled the plea. Evidence was offered but

excluded and no complaint is here made of its exclusion. Appellee's cause of action against appellants could not arise until it had exhausted its remedy against the Supply Company; consequently appellants' plea of limitation was without merit.

█ The court properly refused to admit testimony that the entire capital stock had been paid for by delivering goods, wares, and merchandise to the corporation. Appellants were bound by the values placed on such goods in the charter.

The judgment is reversed and the cause remanded.