### STAPLES et al. v. HARRIS & HARRIS.
### No. 7976.

Court of Civil Appeals of Texas. Austin.
Nov. 14, 1934.

Ocie Speer, of Austin, for appellants.

James R. Boyd, of Austin, for appellees.

BAUGH, Justice.

Appeal is from orders overruling separate pleas of privilege of appellants to be sued in Dallas county. The suit filed in the district court of Travis county was predicated upon an alleged breach of contract made between appellees, attorneys at law at Austin, Tex., and the Staples Crudoil Company, a corporation, with its principal office in Dallas, Tex., of which O. A. Staples, a feme sole, was president. The contract, dated October 29, 1932, was one employing appellees to represent said corporation as its attorneys at Austin, Tex., for a period of five years, and provided their compensation as follows: Issuance to appellees by said corporation of 100 shares of its capital stock, sale by said corporation for Harris & Harris of 50 shares of said stock at $25 per share, and payment to appellees from the proceeds of such sale in cash the sum of $100 on the first of each month, beginning on November 1, 1932, and continuing until the $1,250 was paid. This contract was executed by said corporation, by O. A. Staples, as president. Suit was against O. A. Staples, individually, as guarantor of the performance of said contract, and alleged that she individually had sold said stock, but was withholding from appellees the proceeds of such sale of said stock, in violation of the terms of the contract.

The corporation and O. A. Staples filed separate pleas of privilege to be sued in Dallas county, alleging that the principal office of the corporation was there, and that O. A. Staples resided there. These were controverted by appellees, and after a hearing thereon both pleas of privilege were overruled; hence this appeal.

No difficulty is presented with reference to the plea of privilege of the appellant corporation. The written contract upon which this suit was based shows upon its face to be performable in Travis county. Under subdivision 5 of article 1995, R. S. 1925 and Vernon's Ann. Civ. St., this gave venue as to the corporation in Travis county, regardless of the question of whether the corporation maintained an agency or representative in Travis county or not. City of Tahoka v. Jackson, 115 Tex. 89, 276 S. W. 662; Davis v. Texas Life Ins. Co. (Tex. Civ. App.) 22 S.W.(2d) 960.

But a different situation is presented as to O. A. Staples' plea of privilege. Though she executed the contract on behalf of the corporation as its president, the contract was with the corporation as such and to which she was not individually a party. The contract did not purport to create any individual liability against her. In their controverting affidavit, which must be looked to alone on the fact issues to determine the venue as to her, the grounds alleged on which such venue was sought to be retained in Travis county were: (1) That she personally guaranteed in writing the payments by the corporation of the fees contracted for by it; and (2) that she resided in Travis county. There was no evidence that she guaranteed in writing the performance by the corporation of said written contract. The proof likewise fails to show her residence in Travis county. The most that can be said of it is that it showed that she commuted back and forth between Dallas and Austin during the period of her dealings with appellees, stopped at the hotel when in Austin, and returned to Dallas practically every week. While appellees did allege in their original petition that she was a transient person, this petition was not made a part of their controverting affidavit, and the latter, absent such incorporation of the petition, must be tested by its own allegations, unaided by the petition. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.(2d) 347.

Nor was O. A. Staples a necessary party to said suit within the purview of subdivision 29a, art. 1995, Vernon's Ann. Civ. St., it being a suit for breach of a written contract, unless she were jointly liable with the corporation on said contract. Not being a party thereto, she was not so liable thereon. Agua Dulce Supply Co. v. Chapman Milling Co. (Tex. Civ. App.) 37 S.W.(2d) 768, and cases therein cited. The case next above cited is

directly in point and determinative of that question.

It follows, therefore, that the trial court erred in overruling the plea of privilege of O. A. Staples individually. The judgment of the trial court overruling the plea of privilege of appellant Staples Crudoil Company is affirmed. That overruling the plea of privilege of O. A. Staples is reversed, and the cause remanded to the trial court, with instructions to transfer said cause as to her to the district court of Dallas county.

Affirmed in part, and in part reversed and remanded, with instructions.