### BONWELL *v.* HOWES.[1]

(*Common Pleas of New York City and County, General Term.* December 3, 1888.)

FACTORS AND BROKERS—EMPLOYMENT BY AGENT—RIGHT TO COMMISSIONS.

    An agent to sell land cannot, without special authority, bind his principal by the employment of a broker to effect the sale, and a promise of commission, though the customary method of selling land in the city where the transaction occurred, is by means of a broker.

Appeal from city court, general term.

Action by Charles E. Bonwell against John T. Howes in the city court to recover commissions as a real-estate broker. Judgment for plaintiff, which,

[1] Reversing 1 N. Y. Supp. 435.

.on appeal was affirmed by the general term, (1 N. Y. Supp. 435.) Defendant .again appeals.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*R. H. Underhill*, for appellant. *Edwin L. Kalish*, for respondent.

VAN HOESEN, J. The motion for a dismissal of the complaint ought to have been granted. It appeared that the defendant never employed the plaintiff's assignor, never knew of such employment until after the exchange of the two pieces of property had been effected, and never authorized or ratified such employment. Of these facts, there cannot be any question. The evidence adduced by the plaintiff showed that Rogers, the plaintiff's assignor, knew that Reuben W. Howes was acting as the agent for his son, John T. Howes, the defendant, in selling the Tenth-Avenue property; and that not until after the property had been exchanged for the Haberman property, in Fourth avenue, did Rogers ever have the slightest communication, directly .or indirectly, with the defendant. There is no testimony to prove that the .defendant was previously aware of Rogers' employment. Upon this state of facts, the court should have granted the motion to dismiss the complaint. Reuben W. Howes, who employed Rogers, was himself an agent to sell, and, .as such, he had no right or power to employ a subagent, or to bind the defendant by an agreement that the subagent should receive a commission. *Atlee* v. *Fink*, 42 Amer. Rep. 385. It was said by one of the justices of the .city court that the testimony established the fact that it was customary in New York to employ brokers to sell property. That is true, but irrelevant; .because the question here is, has one agent any authority to employ another? No proof on that subject was offered. I understand the rule to be that "ex.cept where necessity requires, or a known usage of trade justifies, the employment of subagents, an agent whose duties involve personal trust and confi.dence and the exercise of judgment and discretion, cannot, without authority from his principal, delegate to another the confidence and discretion reposed in him. He may employ another to perform mere mechanical acts, but nothing else. *Lewis* v. *Ingersoll*, 3 Abb. Dec. 60. The jury probably regarded Reuben W. Howes as the real owner of the property, and believed they were .doing substantial justice in requiring the nominal owner, who holds real estate in his name, to pay the debt that the real owner contracted. But the testimony shows that Rogers knew that Reuben W. Howes was dealing in the .character of an agent. If he wished to hold the principal he ought to have ascertained that Reuben had authority to employ a subagent, or else he should have required some instructions from, or had some communication with, the .defendant. Hard cases ought not to make bad law; and I am of opinion that it would be dangerous to permit one agent to employ another at the expense .of the principal. Upon a new trial, it may be shown that the principal knew that Reuben W. Howes intended to employ, or had employed, a broker to assist him, and that he approved of the employment. Judgment reversed, and new trial ordered, with costs to abide event.