Bissell, P. J.
Henry O. Morris was appointed an agent for this liability company on the 28th of June, 1893. During his agency he secured a policy from a smelting company in Pueblo, insuring their employees against accident and the premium on the policy amounted to some $3,200. In August, 1894, this policy was renewed. Intermediate the issue of the original contract and the renewal, the business officers and management of the company removed to Denver, and the matter of the renewal was conducted and concluded in the office of Harrison & Company who were the state agents of the corporation and by whom Morris was originally appointed. He demanded a payment of his commission on the renewal policy which was refused and this action is brought to recover it.
It is quite impossible to segregate the facts and state them as an entirety, regardless of the legal propositions with which they are almost inseparably connected, and the arguments which we shall use in support of our various positions. Departing then from the usual course in the construction of the opinion we will proceed to the first proposition to which we will direct our attention which respects Morris’s agency. This is very much disputed and the appellant has built up quite an argument on the proposition that an agency can exist only by agreement of parties and when in writing cannot be varied by parol proof, contending also, that wherever the contract of ageney is in writing it alone must be resorted to for the purpose of determining its terms and conditions, the obligations of the principal on the one hand, and the powers of the agent on the other. We quite concede this is the law; it has been too long settled to be the subject-matter of dispute or to require the citation of authority to support it. So far as respects Morris’s relation to the company, there was no opportunity for the application of these general rules of agency. This we gather from two circumstances. The first is the condition of the pleadings and the admissions to be found in them, and the second from the evidence which the company *356 produced at the trial. In his complaint the plaintiff averred that he was appointed the agent of the company through its managers and attorneys, Endicott and Macomber, and through its duly appointed state agents, Joseph H. Harrison & Company. He further averred that the company through its duty authorized agents agreed with the plaintiff that he should have the sole and exclusive right to solicit business and issue policies for the corporation. These allegations being undenied would amount to averments of authority and agency both on the part of Morris and of Harrison & Company, sufficient to obviate the necessity for proof respecting either the appointment or the authority. This matter, however, is very much enlarged by the direct admissions in the answer, to the effect that the plaintiff was the duty authorized agent of the defendant, and when such he issued a policy of insurance to the Philadelphia Smelting & Refining Company. The company further conceded that the policy issued in 1894 was but a renewal of the first, respecting which the company expressly admitted the plaintiff had received the commission to which he was entitled. Further than this when the company came to make out its own case, it introduced the certificate of appointment which was Morris’s evidence of authority to act on behalf of the company, and it broadly gave him authority to receive proposals and issue policies of the corporation, subject to such instructions as might from time to time be given by the state agent or by its managers at Boston. From this certificate we gather Morris’s appointment was regular, direct, broad and ample, giving him abundant authority to solicit and issue policies but subjecting him at the same time to whatever instructions the company might issue in regard to its business. Further than all this, the company put Harrison on the stand and he testified that he was the state agent of the corporation for Colorado and Wyoming, having written authority to appoint local agents and thereunder he appointed Morris the agent in Pueblo. It is thus evident Morris possessed full authority to act on behalf of the company and his agency was thoroughly established not only by the undenied *357 allegations of the complaint and the admissions of the answer but by the company’s own testimony, and the witness which it put on the stand. We have thus disposed of one question, that is, the one respecting Morris’s agency.
We now come to another proposition about which counsel are strenuous, and that is the absence of authority in Harrison to appoint the agent and clothe him with due power. We are quite ready to concede it was part of the plaintiff’s case to show Harrison’s authority, and in the absence of proof of this power to make the contract set out, he would not be entitled to recover. By bringing the suit he assumed this burden, and must discharge it in order to succeed. It is probably true had the defendant rested when the plaintiff did, the plaintiff had not then made out a case and he could not have recovered. It is quite possible, however, for a defendant to aid the plaintiff in his proof and in such case the plaintiff can as well succeed on the strength of the case as made by all the testimony as by that made by his own. As already suggested the defendant produced the certificate of appointment and therefrom it appears there was no agreement or direction or contract with respect to Morris’s compensation. It was a naked appointment with authority to solicit subject to instructions. Further, when Harrison came on the stand he conceded his agency and his appointment, the company proved it by him, and the instant they offered Harrison as a witness and by him established that he had authority to appoint agents this would bar any further contest respecting the necessity for the plaintiff to prove Harrison’s authority to. make the agreement on which the plaintiff relied. Having shown by their own evidence that Harrison was the state agent with authority to appoint, and produced the appointment which contained nothing on the subject of compensation and left the whole matter open to instructions and directions, it necessarily followed the agent having-authority to appoint, must have authority to make some arrangement with reference to the compensation of the agent whom he appointed. It has been directly, adjudged that the power *358 to appoint in the absence of a limitation on its terms would include the power to fix the compensation. This we decided in a somewhat recent case. Mutual Life Ins. Co. of New York v. Lewis, 13 Colo. App. 528. Whether this presumption of authority to agree as to the compensation would always follow the proof of authority to appoint, where it was- a part of the plaintiff’s case to show the authority, we need not necessarily determine, because from this record it is quite evident the company itself proved Harrison’s authority to do this thing. He had authority to appoint agents for Colorado and Wyoming; his authority was in writing as he stated but no objection was made to his evidence concerning it, and having broadly stated the possession of that authority, it was for the company to show the absence of power with reference to fixing the rate to be paid the agent if they would get rid of the presumption which follows from the possession of authority to appoint, which does not otherwise appear. This being true, it simply remains to determine what the contract was, and whether the evidence concerning it was legitimate.
At the oral argument it was suggested the question asked the witness respecting the details of his contract was objected to, and it was argued the contract being in writing no parol evidence of its contents could be given. We concede the law but we do not concede the fact respecting the record. It is quite true when the first questions were asked concerning it they were objected to, but subsequently, as appears from the bill of exceptions, though it is not stated'in the abstract, after these objections had been put and sustained, a general query was put as to the party with whom the contract was made and the terms of it. Witness was asked to state what the contract was. To this inquiry there was no objection, and it is therefore unavailing for the plaintiff to urge that the evidence should not have been received without a basis, to wit, the proof of a written appointment and the demonstration thereby that there was no provision in it respecting terms. The plaintiff was permitted without objection to testify what the contract was. The company pro *359 duced its own witness and he testified respecting the contract and its terms, denying in toto what the plaintiff had said, except as to one very material item which we shall refer to. When it came to the defendant’s case it produced the appointment and produced Harrison, and from the appointment and Harrison’s evidence it clearly appears there was nothing in writing respecting the terms on which Morris was soliciting insurance and nothing by which his compensation was to be measured and accepted. Since this is true and the contract was silent about it, it necessarily follows, the matter having been left out of the writing, it may be made the subject of parol testimony. This makes the case wholly different from the one to which we have been referred, wherein there was a specific, definite and Avritten contract respecting the térritory and a distinct statement of the commissions which the agent was to receive. Herein there is nothing of the sort. We are compelled to resort to what was done by Harrison and Morris at the time of the appointment in order to find, out what commission he was entitled to and the terms of the engagement. The case was tried on a someAvhat curious hypothesis and was almost made to turn on the use of the word “ exclusive ” by Morris, and a denial and disagreement in that respect by Harrison. Morris gave evidence that the contract was, he was to receive fifteen per cent commission on all business done in Pueblo by the company and his agency was to be exclusive, which would entitle him perhaps under some circumstances, though this we do not decide, to commissions on all policies which might be issued in the town. We do not state this to be the law because there are many circumstances which we can conceive which would make it doubtful and inequitable and which would compel the party to resort to an action in damages and not to an action for specific percentages on policies issued by other agents. However this may be, Morris further testified that it was agreed he should receive a commission on all renewals of policies which he had originally secured. It is a somewhat singular circumstance that Avhile Harrison denied the *360 exclusiveness of his agency, he in no way denied that he was entitled to his percentage on the renewals of the original policies. We resort to the bill of exceptions to determine this fact, it not appearing from the abstract, and we find Morris directly testified he was entitled to his percentage on the renewals and Harrison in no manner disputed it. When we determine as we do, that parol testimony was admissible to determine what the agreement was, and it appears that whether you call it exclusive or otherwise, Morris was entitled to his percentage on. the renewals of the policies which he had originally secured, and the verdict accords with it, we see no escape from the affirmance of the judgment. We are not entirely certain we should agree with the lower court in his opinion and like him would have rendered a verdict for the plaintiff on the testimony offered. Whether this be right or wrong, the matter was submitted to a jury which found with the plaintiff, and unless some legal error inheres in the record which compels the reversal we must necessarily affirm the judgment. As we read it, however, we are quite inclined to the opinion the evidence with reference to its extent and preponderance oii the essential facts, coupled with the admissions found in the pleadings, is with the plaintiff. At all events, there is no such preponderance supporting the defendant’s case as entitles, us to set the verdict aside because against the weight of evidence or apparently rendered from passion and prejudice.
There are some other matters suggested in the briefs of counsel, which possibly, we would have noticed had they been insisted on during the oral argument. We do not regard them as of any significance or importance, nor do we think any one of them or all put together constitute reversible error, and under these circumstances we may be excused from taking the time essential to the formulation of an answer to them.
There are no errors in the record of sufficient weight to affect the validity of the judgment which will accordingly be affirmed.

Affirmed.