·(109 App. Div. 45.)

### SOUTHACK et al. v. IRELAND.

·(Supreme Court, Appellate Division, First Department. November 17, 1905.)

BROKERS—SUBAGENTS—EMPLOYMENT.

Where negotiations for a lease are with a broker of the owner of the premises, the burden is on the subagent claiming commissions to show the broker's authority to employ him, as a broker authorized to lease premises presumptively is not authorized to employ a subagent.

Appeal from Trial Term, New York County.

Action by Frederick Southack and another against Adelia D. Ireland. From a judgment for plaintiff, and from an order denying her motion for new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George C. De Lacy, for appellant.
Edgar J. Nathan, for respondents.

LAUGHLIN, J. This is an action by real estate brokers against the lessor, who was also the owner, of premises No. 218 Fifth avenue, to recover commissions at the usual rate of 1 per cent., as alleged, for obtaining a tenant for three years at a rental of $16,000 per annum. The defendant put in issue the material allegations ·of the complaint and alleged that she employed her own brokers to effect the lease, and they, without her knowledge or authority, ·employed the plaintiffs to assist them upon an agreement to divide the commissions equally between them. The plaintiffs called as a witness one Meeker, a broker "connected with" their firm, who testified that he had dealings with the defendant through her son, who is a member of the firm of Ireland & Strong, who are also real ·estate brokers; that he "closed" two previous leases for the premises in question through the defendant's son; that he had never met the ·defendant; that bills were rendered to Messrs. Ireland & Strong for commissions on these prior transactions, and were paid; that he ·called on the defendant's son at the office of Strong & Ireland "to see" if the property was in the market for a term of years, "as I had a tenant who wanted it," and was informed by the defendant's son that he thought he could cancel the existing leases; that he went again, and the defendant's son said, "If you will get me a proposition I think that we can do business;" that "I went to see the people that I represented," and again called on defendant's son; that "I told Mr. Ireland that I had an offer of $16,000 a year for the store and basement 218 Fifth avenue, mentioning my client's name, the International Silver Company, for a term of five years; Mr. Ireland said he would not lease for five years, but he would entertain a proposition at that price to lease it for a term of three years from May 1, 1902;" that on reporting this fact to the company he was authorized to take the lease, and reported to Mr. Ireland that he had "closed the matter for three years"; that the customary charge for negotiating a lease for three years or over was 1 per cent. of the

gross amount. On cross-examination the witness testified that one of the prior leases was negotiated with the manager of the premises, and the other was negotiated with Mr. Ireland; that he had no conversation with Mr. Ireland about commissions at any time; that the commissions on the two prior transactions were $7 and $12, respectively; that he knew that Mr. Ireland was the son of the owner of the premises. It is conceded that the lease was executed. The plaintiffs also called Mr. Wilcox, of the International Silver Company, who testified that the premises were brought to his attention by Mr. Meeker, whom he authorized on behalf of his company to offer $16,000 a year for a lease of the premises for three years. It was admitted that "the firm of Strong & Ireland, or the defendant's son, John De Coursey Ireland, had the charge and management of the premises." At the close of the plaintiff's case the defendant moved for a nonsuit on the ground, among others, that the plaintiffs had shown no authority in Mr. Ireland to employ them, or any ratification of their employment, or knowledge that they were acting or assuming to act on her behalf, and that on the evidence they were acting as the agents of the International Silver Company. The motion was denied, and exception taken. The defendant called her son and one Keller, who was connected with her son's firm at the time. They gave testimony tending to establish the facts pleaded by defendant. At the close of the evidence the motion for a nonsuit was renewed. It was denied, and defendant excepted. Her counsel then moved for a direction of a verdict, and it was denied, and her counsel excepted. Counsel for the defendant requested the court to charge the jury, among other things, "that the stipulation of the defendant in evidence, providing 'that the firm of Strong & Ireland, or her son, Mr. John De Coursey Ireland, had the charge and management of the premises 218 Fifth avenue during the year 1902,' is insufficient to show authority to employ a subagent or broker to procure a lease." This was declined, and an exception taken. Counsel for defendant also requested the court to charge "that mere knowledge of the owner that a real estate broker is endeavoring to lease her property will not charge the owner with a ratification of an unauthorized act of a relative in employing the broker." This was declined, and an exception was duly taken.

There was not a scintilla of evidence, when the plaintiffs rested, of an employment by the defendant, or by any one authorized to represent her. The plaintiffs merely show that their representative, acting as agent for the lessee, called on the defendant's representative and negotiated the lease. The defendant having gone into her case, the plaintiffs are, of course, entitled to the benefit of the evidence introduced in behalf of the defendant in aid of their case; but this will not sustain the judgment. According to the testimony introduced in behalf of the plaintiffs, they were employed by the defendant. According to the testimony introduced in behalf of the defendant, they were employed by the defendant's agents upon an agreement to divide the commissions. If it be assumed that the

jury seized hold of this evidence in aid of the plaintiffs, then error was committed in refusing to charge the requests, to which exception was taken by counsel for the defendant, and this would necessitate a new trial. If, on the other hand, the jury disbelieved the testimony of the defendant's son, then they had only the testimony introduced in behalf of the plaintiffs, which did not show an employment. Moreover, the plaintiffs could not recover in this action if the facts are as testified to by defendant's son; for the recovery would not be according to the allegations of the complaint. They have not pleaded such a contract. They have pleaded an employment of them as agents at an agreed commission of 1 per cent. They have failed to prove either an employment or an agreement as to the compensation. Moreover, they concede that their negotiations were exclusively with the defendant's son, who was known to them to be her broker. The burden was upon them of showing his authority to employ them for her. A broker or real estate agent, authorized to buy or lease premises, presumptively is not authorized to employ a subbroker or subagent. Brady v. American Machine & Foundry Co., 86 App. Div. 267, 83 N. Y. Supp. 663; Haynes v. Fraser, 76 App. Div. 627, 78 N. Y. Supp. 794; Benedict v. Pell, 70 App. Div. 40, 74 N. Y. Supp. 1085; Fowler v. Hoschke, 53 App. Div. 327, 65 N. Y. Supp. 638; Carroll v. Tucker, 2 Misc. Rep. 397, 21 N. Y. Supp. 952; Bonwell v. Howes, 15 Daly, 43, 2 N. Y. Supp. 717; Harper v. Goodall, 62 How. Prac. 288.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.