[No. 5559.]
[No. 3236 C. A.]

Rhone v. National Life Insurance Company.

Insurance—Agents—Subagents—Commissions—Evidence.

In an action by a subagent to recover commissions from an insurance company, evidence reviewed and held insufficient to show a contract of employment by the company.—P. 163.

*Appeal from the District Court of Mesa County.*
*Hon. Theron Stevens, Judge.*

Action by Henry R. Rhone against the National

Life Insurance Company for commissions. From a judgment of nonsuit, plaintiff appeals.

*Affirmed.*

Mr. S. N. WHEELER, for appellant.

No appearance for appellee.

Mr. JUSTICE HELM delivered the opinion of the court:

Appellant brought suit in the court below to recover from appellee certain commissions claimed to have been earned as its subagent in procuring life insurance. The cause was tried to the court, a jury being expressly waived. Upon the conclusion of plaintiff's testimony, defendant's motion for a nonsuit was sustained and judgment was entered accordingly.

There was no direct employment of plaintiff by defendant. No terms of agency were discussed or any amount of compensation or commission agreed upon between plaintiff and any general agent of defendant. Plaintiff's sole reliance in this regard was upon a letter of introduction from F. E. Busby, general manager of defendant company at Denver; this letter introduced the bearer, Mr. C. Schlotfeldt, as a successful soliciting agent of defendant; it stated that Schlotfeldt went to Grand Junction for business purposes and asked plaintiff to assist him; other than this it contained no suggestion of employment by or on behalf of defendant; it did, however, say: "You push the button, Mr. Schlotfeldt will do the rest; and perhaps, between you, a nice sum of money could be divided, outside of the company's share."

Schlotfeldt, as special agent of defendant, received 50 per cent. of the first year's premiums paid upon all insurance secured by him, as full compensation for his services. He and plaintiff made an agree-

ment whereby plaintiff was to introduce Schlotfeldt and assist him in securing business, receiving as remuneration one-half. of Schlotfeldt's commission, viz., 25 per cent. of the first premiums so paid. Under this contract plaintiff worked for a time; then, being unable to do so longer, Schlotfeldt made a similar arrangement with one Forry, who took plaintiff's place and afterwards, and before suit, assigned to plaintiff his claim for the services rendered.

Upon issuing a policy Schlotfeldt always collected the first year's premium; from this amount he deducted and retained 50 per cent., remitting the balance in cash to defendant; from the 50 per cent. thus retained, he paid, or should have paid, plaintiff and Forry the proportion contracted for by them.

Neither plaintiff nor Forry ever had any communication with defendant through Busby or any other agent, save the letter of introduction above mentioned. Nor is there any evidence showing or tending to show that the agreement between Schlotfeldt and these gentlemen, or the terms thereof, were ever disclosed to Busby or to defendant; or that defendant had any knowledge touching the rendering of the services until Schlotfeldt had gone away, leaving unpaid all of their portion of the commissions except $25.00, and correspondence was opened with Busby. Plaintiff offered in evidence a letter, part of such correspondence, in which Busby said: "Mr. Schlotfeldt works for me on a commission and spends it as soon as he gets it, so when he told you he was out of money he probably told you the truth. May I ask you whether you had a written agreement from him that he would allow you 25 per cent. of the premiums collected?"

We think the action of the court below in sustaining the motion for a nonsuit was correct. Upon the case as made, no contract appeared whereby de-

fendant could be legally held responsible. It may be, as the trial court remarked, that, in view of his letter introducing Schlotfeldt to plaintiff, Busby ought to consider himself morally bound to protect plaintiff. But we cannot regard this letter as constituting a legal obligation on the part of Busby, or the company he represented, to do so. On the contrary the declaration in that letter that if plaintiff should see fit to aid Schlotfeldt "perhaps between you a nice sum of money could be divided, outside of the company's share," certainly tends to show that it was not the intention of Busby to legally bind either himself or defendant in the premises. The natural inference from this language is that plaintiff and Schlotfeldt might make an arrangement whereby the commission allowed Schlotfeldt would be divided upon some fixed basis, and if a sufficient amount of business were transacted a nice sum would be realized by each; and this view is reinforced by the fact that defendant had nothing whatever to do with Schlotfeldt's portion of the first year's premium collected. It is inconceivable that the company would knowingly obligate itself for the payment of 25 per cent. of the first year's premiums to plaintiff, and not, upon the issue of each policy, require an accounting to it by Schlotfeldt for this 25 per cent. as well as for its "share" of 50 per cent.

The contracts for compensation were clearly personal contracts between Schlotfeldt on the one hand, and plaintiff and Forry on the other hand. They trusted Schlotfeldt and relied upon him. They were not authorized to hold the defendant company, and when Schlotfeldt, after collecting his 50 per cent. of the first year's premiums, left the country without accounting to them for their portion according to contract, they could not assert a legal claim therefor against the defendant company.

In view of the foregoing conclusion, it is clearly unnecessary for us to consider the claim of illegality of the contract between plaintiff and defendant, had such a contract existed, based upon the failure by plaintiff and Forry to comply with the state insurance law relating to agents and subagents of foreign corporations.

The judgment will be affirmed.     *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.