No. 21,209.

THE STATE OF KANSAS, ex rel. S. M. BREWSTER, as Attorney-general, etc., *Appellee,* v. THE TOPEKA NATIONAL LIVE STOCK INSURANCE COMPANY et al., *Appellees,* (JAMES BURNS, Intervenor, *Appellant*).

SYLLABUS BY THE COURT.

CONTRACT—*Employment by State Insurance Agent—State Agent Personally Liable.* Where one contracts with the state agent of an insurance company to render service for the agent, and renders such service under the contract, the contractor must look to the agent for his compensation.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed January 12, 1918. Affirmed.

*D. R. Hite,* of Topeka, for the appellant.
*Z. T. Hazen,* of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: On December 27, 1915, the state of Kansas brought this action to oust The Topeka National Live Stock Insurance Company, The Central National Mutual Hail Insurance Company, and other insurance companies from doing business in the state.

A receiver was appointed for all the insurance companies, and took charge of their property. Afterward, James Burns

intervened in the action and filed a petition therein. In that petition Burns alleged that there was $1,725 due him for services rendered by him for The Central National Mutual Hail Insurance Company under a contract between himself and J. H. White, state agent for that company.

Trial was had on the intervening petition, evidence was introduced, and special findings of fact and conclusions of law were made. The evidence has not been abstracted. The material parts of the findings of fact were as follows:

"On the 4th day of January, 1915, the claimant herein, James Burns, entered into a contract with The White Agency. . . .

"The claim of James Burns herein is based upon the contract marked Exhibit B [the contract above referred to] and whatever services or commissions he may have earned are for services and commissions rendered under said contract. That at the time of the making of said contract J. H. White was doing business under the name of The White Agency which consisted of J. H. White. That The White Agency had rooms and offices in connection with the above insurance company.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"That the services rendered by the claimant herein sued for were rendered by him for The White Agency under the contract heretofore mentioned as Exhibit B, and the effect of which was to help swell the business of said insurance company, and for which services under said contract, Exhibit B, J..H. White or The White Agency were liable."

Other findings of fact were made, but they were consistent with and supported, rather than modified or changed, the findings above set out.

The conclusions of law were as follows:

"James Burns, claimant herein, was in the employ of The White Agency and the services sued for herein were performed for said White Agency and not for the Central National Mutual Hail Insurance Company.

"That there is due the said James Burns from The White Agency for the services sued for herein the sum of $1,441.01.

"That the defendant The Central National Mutual Hail Insurance Company is entitled to judgment for its costs herein expended."

The court rendered judgment in favor of the insurance company and of Clay Hamilton, receiver. James Burns appeals. He cites *Edwards v. Gildemeister*, 61 Kan. 141, 59 Pac. 259, and quotes therefrom as follows:

"A contract executed by an authorized agent in his own name, but in fact in behalf of his principal, is the contract of the principal, and suit may be brought against him to enforce its provisions." (Syl. ¶ 2.)

The difficulty with the position taken by Mr. Burns is that in the Edwards case the contract was made in behalf of the principal, while in the present case the contract was made, not in behalf of the insurance company, but with The White Agency in its own behalf, and the services rendered by Burns were rendered for the agency. The findings conclude the argument. They leave nothing further to be said. Under them the judgment that was rendered was the only one that could be rendered. Burns must look to his employer for compensation.

The judgment is affirmed.

DAWSON, J. Not sitting.