CLYDE F. WOOD v. SHENANDOAH LIFE INSURANCE COMPANY.

(Filed 28 February, 1934.)

**Insurance C c—Held: under terms of special agent's contract with general agent, special agent could not hold insurer liable for commissions.**

Plaintiff was appointed a special agent by a general insurance agent by contract specifying plaintiff's authority in regard to procuring applications for insurance in defendant company, collecting the first annual premiums on applications obtained by him, and commissions to be allowed him by the general agent on renewal premiums paid on policies obtained by him, and expressly specifying that plaintiff was to hold the general agent and not the insurance company liable for any commissions due. All commissions due by insurer on renewals of policies coming through the general agency for the years in question were offset by insurer against indebtedness due the insurer by the agency. The special agent brought action against the insurer to recover the amount of commissions due him on renewal policies by the general agent on the theory of money had and received to his use by the insurer. *Held*, the contracts between the general agent and the insurer and the special agent and the general agent are separate and independent, and no part of the commissions on renewals due by the general agent to the special agent was to be set apart or held in trust for the special agent, and insurer had the right to offset the commissions on renwals against the debt due it by the general agent, and insurer's motion of nonsuit in the special agent's action against it was properly allowed.

Appeal by plaintiff from *McElroy, J.,* at July Term, 1933, of Buncombe.

The M. P. Coley Agency, of Shelby, North Carolina, was the general agent of the Shenandoah Life Insurance Company and on 22 October, 1926, made a written contract with the plaintiff, material parts of which are as follows:

Whereas the said M. P. Coley Agency, party of the first part, has a general agency contract with the Shenandoah Life Insurance Company, Incorporated, and desires to secure the services of the said Clyde F. Wood, party of the second part, in order to aid him in carrying out his general agency contract with the Shenandoah Life Insurance Company, Incorporated. Now therefore, the said M. P. Coley Agency, party of the first part, does hereby appoint the said party of the second part as his special agent, for the purpose of procuring applications for insurance in the Shenandoah Life Insurance Company, Incorporated, of Roanoke, Virginia, on the lives of individuals residing in Buncombe County and vicinity (nonexclusive) and to collect thereon the first annual premium, and no more, and as the agent of the said first party,

to transmit such written applications to the home office of the Shenandoah Life Insurance Company, at Roanoke, Va., for approval or rejection.   .   .   .

(8) It is further agreed that any sum that may be advanced or loaned the party of the second part by reason of the provisions hereof, or otherwise, shall be and become a debt of the party of the second part to the party of the first part, due and payable immediately on demand.   .   .   .

(9) If in any case the said Shenandoah Life Insurance Company shall deem it necessary to cancel any policy and return the premium paid thereon, then said party of the second part shall be bound to repay to said party of the first part, on demand, the amount of commissions received on premiums so returned.   .   .   .

(21) This contract is between the general agent and the party of the second part and said party of the second part agrees to hold the general agent and not the Shenandoah Life Insurance Company, Incorporated, responsible for any commissions due or promises made by said general agent hereunder.

The plaintiff continued in service under this contract until April, 1933, and did not renew his license after that date. He brought suit for $529 which he said was 5 per cent claimed by him as commissions on renewal premiums paid in 1930, 1931, 1932 for policies written in 1926, 1927, 1928, 1929.

The Coley Agency became indebted to the defendant and released or assigned to the defendant the renewals which might have been due from the defendant to the Coley Agency. On account of this indebtedness the defendant had not paid the Coley Agency any renewals since 1929.

At the close of the plaintiff's evidence the court dismissed the action as in case of nonsuit. The plaintiff excepted and appealed.

*J. W. Haynes for appellant.*
*R. R. Williams for appellee.*

ADAMS, J. The plaintiff brought suit for $529 alleged to be due him as commissions at the rate of 5 per cent on renewal premiums paid the defendant in 1930-'31-'32 for policies written in the latter part of 1926 and in 1927-'28-'29. The defendant denied liability. The question is whether the judgment of nonsuit was erroneous.

It will be noted that the contracts introduced by the plaintiff were executed by himself and the M. P. Coley Agency. These two are the only parties. Their respective obligations are minutely set forth, and the terms, limitations, and conditions of the first contract are included in the supplementary agreement. Section 21 of the original contract is in these words: "This contract is between the general agent (M. P.

Coley Agency) and the party of the second part (plaintiff) and said party of the second part agrees to hold the general agent and not the Shenandoah Life Insurance Company, Incorporated, responsible for any commissions due or promises made by said general agent hereunder."

According to the appellant's brief the action is based upon the theory of money had and received by the defendant to the use of the plaintiff, a form of declaration in assumpsit which the defendant says is in direct repudiation of the plaintiff's express agreement. The solution of this position is dependent upon the terms of the contract.

In 2 Joyce on the Law of Insurance (2 ed.), sec. 695, it is said: "It may be stated at the outset as a primary and general rule that an agent's right to commissions or compensation of whatever nature, or by whatever name designated, must, where the contract entered into by and between such agent and his principal is in writing, necessarily depend upon the terms thereof, having in view the intent of the parties, the rules of construction applicable in arriving at that intent, and the evidential circumstances under which the right to said compensation is claimed or denied, as such contract constitutes the guide for ascertaining, determining, and measuring the rights, duties and obligations of the parties."

The plaintiff contracted to serve, not as an agent of the defendant, but as the special agent of the Coley Agency—a special agent being "one who is authorized to do one or more specific acts in pursuance of particular instructions, or within restrictions necessarily implied from the act to be done." 2 Couch, Ency. Ins. Law, sec. 507. He was forbidden, except as specifically authorized, to make, alter, or discharge contracts for the Coley Agency, to assign his agency or commissions, to allow any concession or rebate from the regular premium rates, or to modify his contract by any verbal promise or statement. He was to receive as a special trust and promptly to remit the net initial premium due the agency; to pay it any sum advanced him by reason of the contract; to repay it the amount of commissions received as premiums on canceled policies; and to segregate and make no other use of funds belonging to the agency.

Contracts having similar provisions have repeatedly been construed. In *State v. Topeka Nat. Live Stock Ins. Co. et al.,* 169 Pac. (Kan.), 1149, Burns, the appellant, alleged that $1,725 was due him for services rendered for one of the defendant companies under a contract between himself and J. H. White, who was doing business under the name of the White Agency. The services, however, were not rendered under a contract with the insurance company, but under a contract with the agency, as in the case before us. Burns attempted to apply the principle that a contract executed by an authorized agent in his own name, but in fact

on behalf of his principal, is the contract of the principal, in reference to which the Court observed: "The difficulty with the position taken by Mr. Burns is that in the *Edwards case* the contract was made in behalf of the principal, while in the present case the contract was made, not in behalf of the insurance company, but with the White Agency in its own behalf, and the services rendered by Burns were rendered for the agency. The findings conclude the argument. They leave nothing further to be said. Under them the judgment that was rendered was the only one that could be rendered. Burns must look to his employer for compensation."

Substantially the same agreement was construed in *Lester v. New York Life Ins. Company,* 19 S. W. (Tex.), 356. There the claimant had agreed that he should have "no claims whatever for commissions or other services against the New York Life Insurance Company and that the general agent may offset against any claims under this contract any debt or debts due by said district agent to said general agent." Sustaining a demurrer to the action the Court said: "The contract itself, being made a part of the petition as an exhibit, controlled the averment. It shows affirmatively that the company was not to be bound by the contract. It stipulates that plaintiff shall have no claims whatever for commissions or services against the company. No other claim could grow out of the contract, and a breach of it would not give plaintiff a right of action against the company, the suit being against the company for a breach of its own contract."

The principle is approved in other cases. *Moore v. New York Life Ins. Co.,* 51 S. W. (Tenn.), 1021; *Stearns v. Hazen,* 101 Pac. (Col.), 339; *United States Life Ins. Co. v. Hessberg,* 27 Ohio State, 393; *United Casualty & Surety Co. v. Gray,* 114 Fed., 422.

The contractual relation between the Coley Agency and the plaintiff was that of debtor and creditor; the relation between the agency and the defendant rested upon their mutual indebtedness and was altogether independent of the former. No part of the renewals due by the agency to the defendant was to be segregated or set apart to the use of the plaintff or to be held by the agency in trust for him—the right to offset or balance the mutual indebtedness between the agency and the defendant being exclusively a matter of adjustment between themselves. The two exceptions to the exclusion of evidence are plainly untenable.

The result is that the plaintiff has no cause of action against the defendant. Judgment

Affirmed.