LANOWAH INVESTMENT COMPANY, A CORPORATION, RESPONDENT, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, A CORPORATION, APPELLANT.—162 S. W. (2d) 307.

Kansas City Court of Appeals.  May 25, 1942.

*William C. Michaels* and *Ralph M. Jones* for appellant.

*Harold J. Taylor, Landis & Landis* and *Michaels, Blackmar, Newkirk, Eager & Swanson* of counsel.

*Utz & Utz* for respondent.

## ON REHEARING.

BLAND, J.—The following portions of the opinion of CAVE, J., delivered on the original submission of the case are adopted by the court on rehearing:

"This is a suit by plaintiff to collect a commission for a premium paid on an insurance policy issued by the defendant to one J. O. Price. The case was tried to a jury, resulting in a verdict for the plaintiff in the sum of $300, and after the overruling of defendant's motion for a new trial and in arrest of judgment, the cause was duly appealed to this court. For convenience the parties will be referred to as plaintiff and defendant.

"The plaintiff first filed a petition making the John Hancock Mutual Life Insurance Company, a corporation, the sole defendant, and thereafter filed an amended petition joining one Carlos F. Schuster, who was general agent in Western Missouri for the insurance company, as a defendant. Thereafter, the plaintiff dismissed as to Carlos F. Schuster, and the case was tried against the John Hancock Mutual Life Insurance Company as the sole defendant.

"The defendant filed a demurrer to plaintiff's amended petition on the ground that said amended petition does not alleges facts sufficient to constitute a cause of action. The demurrer was overruled and the defendant filed answer consisting of a general denial and specifically denying that the plaintiff is a corporation authorized under the laws of Missouri to transact any business of writing insurance or acting as an insurance broker.

"It is now urged that the court committed error in overruling the demurrer. In substance the petition alleges the following: The incorporation of plaintiff as a Missouri corporation; the incorporation of the defendant and its license to engage in general business of writing life insurance in the State of Missouri; that one Carlos F. Schuster is the general agent of the defendant in this part of Missouri; that the plaintiff through its agent, H. R. McMurtrie, solicited one J. O. Price for a policy of life insurance to be placed with the defendant, and that during the months of August and September, 1938, the said McMurtrie called and discussed the type and kind of insurance which would be desirable for the said J. O. Price; that Price desired to take a ten-year income type of policy, but was not able to do so at that time; that Price did sign an application for a five-year term policy in the sum of $20,000 and had a physical examination by a physician for the defendant; that thereafter Price left Missouri for the State of Florida and in due time the five-year term policy was issued by the defendant and delivered by mail by plaintiff to Price in Florida; that upon failure of Price to pay the premium the defendant insisted that the premium be paid or the policy returned; that on discussing the matter with the defendant through its agent, Carlos F. Schuster, the said Schuster suggested that they forward the information concern-

ing the negotiations leading up to the issuing of the five-year policy and that it was in the mind of Price to concert the term policy into an income type of policy, to the general agent of the defendant at Jacksonville, Florida; that Schuster further suggested that it was a recognized custom of insurance business, observed by the defendant, that in cases where such information was forwarded from one agent to another, for the receiving agent to handle the matter as a courtesy, and that there would be no requirement for the plaintiff to split the commission with the Florida agent; that the plaintiff, resting upon the assurance made by the defendant, permitted the information to be forwarded by the defendant to its agent at Jacksonville, Florida; that pursuant to this act, an agent of the defendant in Florida wrote a policy which was in the principal sum of $20,000, the endowment type of insurance to mature in ten years; that the policy was issued on the physical examination made upon the application written by the plaintiff, and that Price was never contacted by any agent of the defendant in Florida, except the agent to whom the information had been forwarded; that the yearly premium on the policy issued to Price was $2400, and that it had been paid to the defendant; that the first-year commission due to the plaintiff under the oral agreement under which it works with the defendant as a broker is 20 per cent of the first year premium and 3 per cent of all renewal premiums; that the commission now due is $480, and that demand has been made and payment refused.

"In support of its contention that the demurrer to the petition should have been sustained, the defendant argues that the petition shows on its face that the policy on which the recovery of commission was asked is not the policy for which plaintiff secured an application, and that the policy actually written was written by an agent of the defendant in the State of Florida."

However, the demurrer was waived when defendant pleaded over but regardless of this "we do not think there is any merit in this contention because the petition in substance alleges that the policy written in Florida was based on the application and physical examination secured by the plaintiff."

It is also alleged that the petition fails to sufficiently allege the terms of the agreement, which the plaintiff had with the defendant, and which would entitle him to a commission.

The defendant next contends that its demurrer to the evidence should have been sustained because (a) the evidence did not prove a contract for the payment of any commission; (b) that if any contract was made, concerning the commission on the Price policy, it was with Schuster individually and not as agent of the defendant; (c) that there was no proof that the policy written by the Florida agent was secured by reason of the information received from Schuster's office in Kansas City.

The record disclosed that the defendant filed a written statement

with the Department of Insurance of Missouri certifying that it appointed Carlos F. Schuster of Kansas City, Missouri, "agent for the transaction of its authorized business of insurance in the State of Missouri for the term ending March 1, 1939," and based upon that information the superintendent of insurance licensed the said Schuster as defendant's agent in Missouri. The contract between defendant and Schuster designated him as defendant's "general agent" for said company in twenty-four counties in western Missouri, including Jackson and Buchanan counties. Schuster, himself, testified that he was defendant's general agent in the above territory, and the letterheads used in corresponding with the plaintiff were "John Hancock Mutual Life Insurance Company, Boston, Massachusetts, Carlos F. Schuster, General Agent, 814 Commerce Trust Building, Kansas City, Missouri." There can be no doubt about the defendant appointing, designating and holding out to the public Schuster as its general agent; but the defendant contends that this is a misnomer and that Schuster, under his contract with the defendant was not, in strict legal sense, a general agent and that the plaintiff knew he was not such a general agent for the reason that McMurtrie, plaintiff's agent who wrote the Price application and handled the whole matter for plaintiff, testified that he knew Schuster did not have authority to sign and issue insurance policies on behalf of the defendant, but that all applications for life insurance had to be sent to defendant's home office in Boston and that the policies were issued there. In support of that contention defendant the policies were issued there. In support of that contention defendant cites Gaines v. Berkshire Life Insurance Company, 228 Mo. App. 319, 68 S. W. (2d) 905, and Bennett v. Royal Union Mutual, 112 S. W. (2d) 141. Those cases do define a "general agent" of an insurance company as "generally one who is authorized to accept risks, agree upon and settle the terms of the insurance contract, issue policies by filling out blank instruments which are furnished him for that purpose, and to renew policies already issued;" but those cases also hold that if the insurance company holds out an agent as its *general agent* and the third party dealing with him did not know of the restrictions on the agent's power, then, so far as that third party is concerned, the authority of the general agent is as broad as his title would indicate. [Gaines v. Berkshire Life Insurance Company, *supra*; Nichols v. Insurance Company, 170 Mo. App. 437; Whipple v. Prudential Insurance Company, 222 N. Y. 39.] As a general rule an insurance agent, whether general or special, possesses such powers as have been conferred by the company or as third persons have a right to assume that he possesses, under the circumstances of the case. [32 C. J. 1062, sec. 139.] Schuster had been held out to the public as defendant's general agent and any limitation on his authority which may have been contained in his contract with the company, would not be binding on third persons unless they had actual or constructive notice of such limitation. [32 C. J. 1063,

sec. 140; Shook v. The Retail Hardware Mutual Fire Insurance Company, 154 Mo. App. 394; Adams v. Farmers' Mutual Fire Ins. Co., 115 Mo. App. 21.]

In this case Schuster's contract with the defendant company was introduced and, among other things, it provided that Schuster was defendant's "general agent" in certain designated territory, and that he was authorized "to procure or cause to be procured applications for insurance . . . upon the life of individuals in said territory; to deliver policies; to collect premiums and other indebtedness due to the company upon or in connection with its policies; . . . to employ subagents in and for said agency, to be compensated by him at his sole cost and charge, . . . and to transact any other business pertaining to the company's interests which may be authorized by the company." Then followed a schedule of commissions to be paid his agency by the defendant for policies written by or through his agency. The contract also provided "that he will accept the commission and other money allowed by his contract in full compensation for services rendered and expenses incurred by him and his subagents; . . . that the authority of said general agent is limited and defined by the powers, duties and prohibitions set forth herein; that he shall not . . . incur any debt or other liability on behalf of the company; nor make any contract or agreement with subagents or others persons by which the company may be rendered liable for the payment of commissions or other compensation to any of them." This contract authorized Schuster to employ or appoint subagents to take applications for insurance with the defendant company, therefore, he had the authority to contract with the plaintiff as subagent and to authorize or approve the taking of the Price application. It is true the contract between Schuster and the company provides that he, Schuster, should pay the subagent, but there is no evidence in this record which would justify the court in declaring, as a matter of law, that the plaintiff had actual on constructive knowledge of such limitation. As a general rule if it is within the scope of the real or apparent authority of a general agent to appoint a subagent, he has authority to fix the subagents compensation, and the company is liable to the subagent for his compensation, as fixed by his contract of employment, notwithstanding the general agent, in making the contract, exceeds his powers as limited in his contract with the company, of which limitations the subagent has no knowledge. [32 C. J. 1080, sec. 161; Cotton State Life Ins. Co. v. Mallard, 57 Ga. 64; Employers Liability Assurance Co. v. Morris, 14 Colo. App. 354; Elwell v. State Mutual Life Ins. Co., 230 Mass. 248; Gore v. Canada Life Assurance Co., 149 Mich. 562; Carrington v. Omaha Life Association, 59 Neb. 116.]

But the defendant argues that if there was a contract between Schuster and the plaintiff concerning the commission in this case,

that it was a personal contract with Schuster and not as agent of the defendant. The agreement between plaintiff and Schuster was oral and is to be gathered from various conversations between Schuster and plaintiff's agent, McMurtrie, who contends in substance that he was dealing with Schuster as the general agent of the defendant and not with Schuster individually. We are of the opinion that this was a question to be submitted to the jury, which was done. The defendant relies upon certain cases to support its contention and cites Schmitt v. King, 234 Ill. App. 335; but in that case there was a written contract between the general agent and subagent, which made it perfectly clear that it was a personal contract between them and was not intended to bind the company. The same distinction can be made in the case of Vail v. Northwestern Mutual Life Insurance Company, 92 Ill. App. 655. In the case of Rhone v. National Life Insurance Company (Colo.); 95 Pac. 298, the court held that the contract for compensation was clearly personal between the general agent and the subagent, which, of course, is not controlling here because we cannot say, as a matter of law, that this was a personal contract. In the case of The State of Kansas ex rel. Brewster v. Topeka Life, 102 Kan. 266, the trier of the facts found that the contract between the general agent and subagent was a personal contract and the Supreme Court sustained that finding; but in this case the jury found the facts on this point against the defendant, and we think there is sufficient evidence to support such finding. The plaintiff by its Instruction No. 1 and the defendant by its instructions G and G, submitted that very issue to the jury, and the jury returned a verdict against the defendant which must be sustained on that issue if there is any substantial evidence to support it. We think there is. We hold that the evidence in this case would not justify the court in declaring, as a matter of law, that the contract between the general agent and subagent was a personal contract.

The defendant next complains that the evidence fails to prove that the policy written by the Florida agent was secured by reason of information received from the Kansas City office. The record does disclose that Schuster's office in Kansas City sent to defendant's general agent in Florida the information that Price had applied for a five-year term policy with the defendant and that he was interested in taking an endowment policy, and that he had not paid the premium on the five-year term policy and asked the general agent of Florida to have some agent of the defendant contact him to see what could be done about the matter. From the record these instructions are quite general, but it is in evidence that, although the five-year term policy was returned for failure to pay the premium, nevertheless, Price did purchase through defendant's general agent in Florida a $20,000 ten-year endowment policy and there was attached to that policy a copy of the original application signed by Price at the solicitation of

the plaintiff, and also attached was the physical examination made by defendant's doctor in St. Joseph, Missouri, based on the original application; and the Florida agency took another application and apparently had no further physical examination made of Price. Under such circumstances, we are unwilling to say that there was no evidence to support the claim that the final policy did not result from the information furnished by plaintiff and sent to defendant's agent in Florida.

The defendant next complains that there was no proof that the defendant had received or that Price had paid any more premium for the first year than the net amount of $150 per month, which was the amount paid over to the defendant by its Florida office. It is true that defendant's records showed it had received as premium on this policy only the sum of $150 per month, but the policy itself showed on its face that it was issued upon an application for a premium of $2261.60, if paid annually, and $200 per month, if paid monthly. Furthermore, Schuster testified that the monthly premium on this type policy would be $200. There was also evidence that a general agent was authorized to and usually did deduct his commission before remitting the net amount to the company, and there was evidence that this commission was twenty-five per cent of the first year's premium on policies of this type. We hold that there was sufficient evidence from which the jury could infer that Price had paid the full premium provided for in the policy. If the defendant has paid a commission to an agency not entitled thereto, this could not affect plaintiff's right. The application first taken by the plaintiff in St. Joseph, Missouri, and attached to the policy issued by the company, showed on its face the following: "Credit for writing this application belongs to Agency or District at Kansas City, Mo., General Agent or Dist. Manager Carlos F. Schuster, Asst. Dist. Manager, George W. Harding." That would give notice to the defendant company that the Kansas City office had or might claim a commission for securing this insurance contract. Defendant argues that because the five-year term policy, which was first issued on this application, was surrendered, that therefore, the second policy was an entirely new contract. But defendant overlooks the fact that the second policy was issued with the original application and the physical examination made thereunder attached to said policy. This is certainly sufficient from which to draw the inference that the final contract or insurance resulted from the efforts of the plaintiff in securing the first application and physical examination of Price.

The defendant next asserts that the verdict is not responsive to the issues raised by the pleadings and evidence because the jury returned a verdict for the plaintiff in the sum of $300.

That part of the petition attempting to state the terms of the agreement which the plaintiff had with the defendant entitling it to a

commission is a statement of the conclusion of the pleader. If it states any cause of action whatever, in this regard, it states one on an express contract wherein defendant agreed to pay plaintiff a commission of twenty per cent on the first year's premium of $2400. The verdict was for $300. Consequently, the verdict was not responsive to the issue made by the pleadings.

Defendant says in connection with its contention that the verdict is not responsive to the issues raised by the evidence, that the verdict should have been for $480, which would be twenty per cent of the premium of $2400, or the verdict should have been for $360, which would be twenty per cent of the premium of $1800, which the evidence showed the defendant had actually received.

We find that the only substantial dispute at the trial was as to whether a contract was made to pay plaintiff a commission in view of the facts disclosed. There was no substantial evidence of any other percentage of commission than twenty per cent of the first year's premium to which plaintiff would be entitled if the contract was made, in fact. Plaintiff's Instruction No. 1 recognizes the true issue. It reads, in part, as follows: "If you further find and believe from the evidence that defendant agreed to pay plaintiff *a brokerage commission on the first year's premium of twenty per cent thereof,* then you will find for plaintiff in such sum as you may believe it to be entitled, not to exceed $480." (Italics ours.)

Under all of the circumstances, the verdict for plaintiff could have been for no amount save twenty per cent of the amount of the premium paid. [Shoemaker v. Johnson et al., 200 Mo. App. 209; Weisels-Gerhart Real Estate Co. v. Pemberton Inv. Co., 150 Mo. App. 626; Cole v. Armount, 154 Mo. 333.]

We have examined Peppas v. Ehrlich & Sons Mfg. Co., 228 Mo. App. 556, and find it not in point. In that case there was a dispute concerning the *amount* plaintiff was entitled to recover under the contract sued upon.

The judgment is reversed and the cause remanded. All concur.