## RUTLEDGE et al. v. UNITED SERVICES LIFE INS. CO.

### Nos. 9653–9656.

United States Court of Appeals
District of Columbia Circuit.

Argued June 10, 1948.

Decided Oct. 25, 1948.

Mr. George W. Neville, of Washington, D. C., with whom Messrs. William H. Collins and P. Bateman Ennis, both of Washington, D. C., were on the brief, for appellants.

Mr. Neil Burkinshaw, of Washington, D. C., with whom Mr. Dennis Collins, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK, and PRETTYMAN, Circuit Judges.

EDGERTON, Circuit Judge.

Appellee United Services Life Insurance Company employed United Services Sales Department, Inc., as its exclusive general agent. The Sales company employed individual agents or solicitors. These included the present appellants. The contracts between the Sales company and the appellants plainly were not intended to, and did not, create any relation or obligation between appellants and appellee Insurance Company. They did not mention the Insurance Company.

Appellants sold, for the Sales company, life insurance policies in the Insurance Company. The Insurance Company paid commissions to the Sales company and the Sales company paid commissions to appellants. Appellants have not succeeded in collecting from the Sales company a balance of commissions due them from it. In the present suit, appellants seek to recover this balance from the Insurance Company.

The District Court found "That the plaintiffs had no agreement, written or otherwise, whereby they were to serve as agents for the United Services Life Insurance Company." The evidence supports this finding. It would be hard to find support for an opposite finding.

It follows that, as the District Court held, appellee Insurance Company is

not liable to appellants for the commissions due them from the Sales company. A principal is commonly under no obligation to compensate his agent's agents unless his agent has, and also exercises, authority not merely to use their services in discharging his obligations to his principal but also to make them agents of his principal. Mechem, Agency, 2d Ed., § 1701. Accordingly a salesman for a real estate agency, who finds a purchaser for property that the agency has been employed to sell, must commonly look for his compensation to the agency that employed him and not to the property-owner who employed it. Similarly a solicitor for an insurance agency, who finds purchasers for insurance that the agency has been employed to sell, must look for his compensation to the agency and not to the insurance company, unless the insurance company has directly or indirectly made him its agent or otherwise undertaken to pay him. Vail v. Northwestern Mut. Life Ins. Co., 92 Ill. App. 655, affirmed, 192 Ill. 567, 61 N.E. 651; Wood v. Shenendoah Life Ins. Co., 206 N.C. 70, 173 S.E. 34; State ex rel. Brewster v. Topeka Nat. Stock Ins. Co., 102 Kan. 266, 169 P. .1149; Rhone v. National Life Ins. Co., 43 Colo. 162, 95 P. 298; Lester v. New York Life Ins. Co., 84 Tex. 87, 19 S.W. 356; Union Casualty & Surety Co. v. Gray, 3 Cir., 114 F. 422. Cf. Lanowah Investment Co. v. John Hancock Mut. Life Ins. Co., 236 Mo. App. 1062, 162 S.W.2d 307. It is not clear that the Sales company had authority to appoint the appellants as agents of the Insurance Company. It is clear that it did not do so.

The Sales company's only business was selling insurance for the Insurance Company. It was organized for that purpose. The two corporations used one office. The Insurance Company's president was president of the Sales company and owned most of its stock. He acted for both corporations in making the original contract between them. That contract was heavily loaded in favor of the Sales company. In a suit that is not before us a nearly identical contract between the two corporations, entered into with somewhat more regard for appearances, was set aside as a fraud upon the Insurance Company. Appellants rely largely upon some of these facts. In our opinion they are immaterial. There is no evidence that appellants were misled into supposing, or supposed, that in contracting with the Sales company they were contracting with the Insurance Company. There is no evidence that the Insurance Company or anyone else perpetrated any fraud upon them.

Affirmed.

CLARK, Circuit Judge, dissents.