WEINBERG AND BUSH, INC., a Corporation, Plaintiff,

v.

Jerome S. MURRAY, Parkwood, Inc., Dr. Irving S. Lichtman, and H. Max Ammerman, Defendants.

Civ. A. No. 342–58.

United States District Court
District of Columbia.

Oct. 27, 1960.

James M. Earnest, James D. Newton, Martin J. Kirsch, and Nathaniel Goldberg, Washington, D. C., for plaintiff.

Joseph G. Dooley, Washington, D. C., for defendant Parkwood, Inc.

Denis K. Lane, Washington, D. C., for defendant Jerome S. Murray.

David G. Bress, Washington, D. C., for defendants Dr. Irving S. Lichtman and E. Max Ammerman.

HOLTZOFF, District Judge.

This is the trial of an action for broker's commission. By a contract dated September 25, 1957, a building located at 1801 K Street N. W., in Washington, D. C., was sold by the defendant, Parkwood, Incorporated, to the defendant Irving S. Lichtman, for the price of $775,000. The plaintiff, a corporation engaged in business as a real estate broker, claiming to be the procuring cause of the sale, sues for a commission amounting to $20,000. In addition to naming Parkwood, Incorporated, the original owner and vendor of the property, as a defendant, there were also joined as additional defendants one Jerome S. Murray, Irving S. Lichtman, and H. Max Ammerman. It is claimed that Jerome S. Murray, acting as agent of Parkwood, Incorporated, hired or retained the plaintiff to act as broker in the transaction; and that if it were the fact, as is claimed by the defendant Parkwood, that Murray had no authority to do so, it is claimed that Murray is liable on an implied warranty of authority. The defendant Lichtman, who was named as the purchaser in the contract above referred to, and the defendant H. Max Ammerman, who it is alleged was associated with Lichtman in the purchase of the property, are joined on the theory that by ignoring the broker, who it is claimed brought about the sale, and dealing directly with the owner, thereby inducing the owner to sell at a lower price than originally quoted, with the understanding that no commission would be payable, they interfered with the contract rights of plaintiff.

At the commencement of the trial, on the basis of the opening statement of counsel for the plaintiff, the complaint was dismissed as against the defendants Lichtman and Ammerman, on the ground that no cause of action was shown as against them. The Court held that on the facts as claimed there was no interference on the part of Lichtman and Ammerman with the plaintiff's right to recover a commission from the owner of the property, if the plaintiff was otherwise entitled to do so, because nothing that Lichtman and Ammerman did could have defeated the plaintiff's rights as against the owner. If, as was claimed, Lichtman and Ammerman erroneously represented to Parkwood that they had not been induced to buy the property as a result of the plaintiff's efforts, and that therefore the plaintiff had earned no commission and none was payable to anybody, no cause of action would accrue against them in behalf of the plaintiff. If anyone had a right to complain as against Lichtman and Ammerman under those circumstances, it was Parkwood, Incorporated, because it is said to have sold the building at a reduced price in reliance on the misrepresentations.

It is claimed in behalf of the plaintiff that the defendant Murray, acting as agent of Parkwood, hired or retained the plaintiff to sell the property, or to obtain a purchaser therefor; that thereupon the plaintiff presented the idea of buying this property to the defendant Lichtman, furnished him a considerable amount of data, discussed the matter with him on several occasions, quoted a definite price, and induced him generally to buy the building. It is further claimed that after the negotiations had reached this point, Lichtman ignored the plaintiff in all further steps in the matter, negotiated directly with Parkwood, and entered into a contract with Parkwood whereby he undertook to purchase the property for $775,000 net, on the representation that no commission would

be payable to anybody. The price that had originally been quoted by the plaintiff to Lichtman was $795,000, with the understanding that $20,000 was to be a commission to the plaintiff and the balance of $775,000 was to be the net proceeds to the owner.

It is well established that a real estate broker who is hired to sell property in behalf of its owner completes his work and has earned his commission when he has procured a purchaser who is ready, able and willing to buy on the terms proposed by the seller. The broker need not participate in the actual drafting or preparation of the contract. He need not be present at its execution. All that is needed is that he be the procuring cause that brought about or induced the consummation of the transaction. If in such a situation the vendor refuses to complete the sale, the broker's right to a commission is not defeated. Similarly, if the seller is unable to make a conveyance due to lack of a good title or for some other reason, this circumstance also does not destroy or interfere with the broker's right to compensation.

In Block v. Ryan, 4 App.D.C. 283, 286, it was stated:

"As a general proposition it is well settled that a broker is entitled to his commission when he shall have procured a purchaser who is in a situation and ready and willing to complete the purchase on the terms proposed by the seller, and his right is not affected by the refusal of the seller to go on and perfect the sale."

Again, in Dotson v. Milliken, 27 App. D.C. 500, 514, it was stated:

"It is well settled that when an agent, employed for the purpose, procures a purchaser willing and able to buy on the authorized terms, he becomes entitled to his compensation although the sale may not be consummated, provided the consummation is prevented by the refusal, fault, or defective title of the principal."

More recently, it was said, in Clark v. Morris, 30 App.D.C. 553, 556:

"The law is well settled that where a broker is employed to sell property upon a commission, and by his efforts brings the owner, or agency through which he is employed, and the prospective purchaser together, and a sale results, though it be accomplished by the owner or such agency without any further assistance by the broker, the broker is entitled to his full commission, the same as if he had conducted all the details of the sale."

The cases go even further. If the broker brought the parties together and is in effect the procuring cause of the sale, the parties may not defeat the broker's right to his commission by entering into a contract differing in terms from those originally proposed, nor may they circumvent him by selling the property at a reduced purchase price and taking the position that no compensation was payable to him. Kroh v. Rosenberg, 158 Md. 273, 148 A. 244; Risser v. Hirshhorn, 2 Cir., 199 F.2d 917.

The evidence is overwhelming and the Court finds that the defendant Murray, purporting to act as agent of Parkwood, hired or retained the plaintiff to act as a broker in order to procure a purchaser for the building; and that thereupon the broker presented the matter to Lichtman, interested him in the property, submitted to him data and information concerning it, had a number of conferences with him and offered the property to him at the purchase price of $795,000, with the thought that $20,000 would constitute the broker's commission and the balance would accrue to the owner. Lichtman told a representative of the plaintiff that he was interested and would make a definite offer. From then on Lichtman dealt directly with Murray, who represented the owner.

and entered into a contract for $20,000 less than the price mentioned by the plaintiff. The Court finds as a fact that plaintiff was the procuring cause of the sale involved in this action.

■ We now come to the question as to the liability for payment of the commission. The Court finds that while the defendant Murray hired the plaintiff as broker, Murray in fact had no authority to do so and had not been empowered by Parkwood to engage the plaintiff or anyone else for this purpose. It is well established that an agent—and there is no doubt, and the Court so finds that Murray was an agent of Parkwood for some purposes—may not hire a subagent without authority to do so. Thus it is stated in Restatement of the Law of Agency, 2d Ed. sec. 458:

"The authorized employment of a subservant or other subagent does not thereby subject the principal to contractual liability to the subagent * * * ."

It was held by the Court of Appeals for this Circuit in Rutledge v. United Services Life Ins. Co., 84 U.S.App.D.C. 61, 62, 171 F.2d 27, 28, that,

"A principal is commonly under no obligation to compensate his agent's agents unless his agent has, and also exercises, authority not merely to use their services in discharging his obligations to his principal but also to make them agents of his principal."

Numerous authorities hold the same way. McKnight v. Peoples-Pittsburgh Trust Co., 360 Pa. 290, 61 A.2d 820; Southack v. Ireland, 109 App.Div. 45, 95 N.Y.S. 621.

■ An agent who purports to act pursuant to authority said to be conferred on him by his principal, but actually exceeds his power, impliedly warrants that the requisite authority on his part exists, and is liable for damages on the implied warranty. Thus the Restatement of the Law of Agency, 2d Ed., sec. 329; states:

"A person who purports to make a contract * * * on behalf of another who has full capacity but whom he has no power to bind, thereby becomes subject to liability to the other party thereto upon an implied warranty of authority, unless he has manifested that he does not make such warranty or the other party knows that the agent is not so authorized."

There are numerous decisions holding and applying this principle, dating back to the English case of Collen v. Wright, 8 Ellis & Blackburn 647, 657; 120 English Reports 241, 245. In that case it was stated by Willes, J.:

"I am of opinion that a person, who induces another to contract with him as the agent of a third party by an unqualified assertion of his being authorized to act as such agent, is answerable to the person who so contracts for any damages which he may sustain by reason of the assertion of authority being untrue."

In an early Maryland case, Keener v. Harrod, 2 Md. 63, 69–70, decided in 1852, it was held that a person employed to sell property had no authority to employ in the name of the owner any person to assist him, or to procure a purchaser, and that if he did so he must meet the consequences. The court stated:

"To bind the principal, the act must be done in the exercise, and within the limits of, the power delegated; and whenever a party undertakes to do an act, as the agent of another, if he does not possess any authority therefor from the principal, or exceeds his powers, he will be personally responsible to the person with whom he is dealing."

In Williams v. De Soto Oil Company, 213 F. 194, 197, it was said by the Court of Appeals for the Eighth Circuit that:

"An agent is undoubtedly personally liable in case of a fraudulent misrepresentation of authority. He is also personally liable if he has no authority and knows it, but nevertheless makes the contract as having such authority * * *. And the courts have also held that, when a party making a contract *bona fide* believes that such authority is vested in him, but as a matter of fact has no such authority, he is still personally liable upon the contract."

In Lustig v. Hutchinson, 349 Ill.App. 120, 110 N.E.2d 278, 280, it was said:

"We think that the law is well settled in this State, as in other jurisdictions, that an agent, representing an owner of property to offer the same for sale, has no implied authority to employ a broker to procure a purchaser; that the burden is upon the agent who employs the broker to establish such authority, and that in the absence of proof of such authority, the agent becomes personally liable for the broker's commission, where the broker has procured a purchaser, ready, able and willing to buy upon the terms submitted by the agent."

In the light of its findings of fact and the applicable principles of law, the Court concludes that the plaintiff has earned a commission on the sale of this property, but that the defendant Parkwood is not liable therefor, since it did not hire the plaintiff or authorize defendant Murray or anyone else to do so; and that defendant Murray is, however, liable on the implied warranty of authority. Accordingly the Court will render judgment for the plaintiff against the defendant Murray for $20,000, and will dismiss the complaint as against Parkwood.

A transcript of this oral decision will constitute the findings of fact and conclusions of law. Counsel will please submit a proposed judgment.